PAUL HALEY v. THE STATE.

No. 12023.   Delivered December 19, 1928.

The opinion states the case.

*Alfred P. C. Petsch* of Fredericksburg, for appellant.

*A.'A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, two years in the penitentiary.

The appellant with his two brothers attended a dance in Gillespie County and there became engaged in an altercation with a deputy sheriff arising out of the drunkenness of appellant's brother. During such altercation appellant was hit over the head with a pair of hand-cuffs by the deputy sheriff and according to appellant's testimony, corroborated by witnesses, he was thereby so dazed and stupefied as not to know what he was doing thereafter until he arrived home sometime after the difficulty ended. While the fight was in progress between the deputy sheriff and appellant and his two brothers, the deputy sheriff called for help and one Emil Schlaudt responded. The theory of the State, supported by testimony, is that while Schlaudt had appellant's brother bent over a wire fence, he was cut with a knife by appellant. For this act he was prosecuted and con-victed. Evidence introduced by appellant tends to show that he did not have or use a knife on the occasion in question. His further defense appears to have been that he was in such a dazed and semi-conscious condition that he did not know the nature and quality of his acts and that if he did cut witness Schlaudt with a knife, it was while he was in such condition and did not know it. The Court gave the customary charge on insanity, which is under attack on this appeal.

In the Court's charge submitting the issue occurs the following language:

". . . and to establish a defense on the ground of insanity, it must be proven by a preponderance of the evidence that at the time of committing the act the party accused was laboring under such defect of reason from a blow on the head or other adequate cause as not to know the nature or quality of the act he was doing."

The Court nowhere in his charge applied the law of reasonable doubt to this defense, but taken as a whole, it required proof of insanity to be by preponderance of the evidence. Under the particu-

lar facts of this case the Court's charge was error.  This identical question was before the Court in the case of Dent v. State, 46 Tex. Crim. Rep. 166.  From this authority we quote:

"If deceased himself, by his aggression, and on account of his assault, dazed appellant, rendering him unconscious and incapable of understanding and knowing the right and wrong of his actions, this condition springs out of and inheres in the case; and appellant was entitled to a reasonable doubt on the subject.  We are aware that the generally received doctrine is that, where defendant sets up an entirely independent defense, and attempts to prove extrinsic facts, not arising out of the res gestae, such as license to do an act, jeopardy, compulsion, negligence of attendants, and insanity, the burden rests upon the defendant to establish such defenses.  In this State the rule with reference to the defense of insanity as a general proposition is, that the burden is on the defendant to show this by a preponderance of the evidence; but in all these cases the condition of the mind of the party charged with the offense did not arise during the struggle, but was an independent fact.  See Webb v. State, 5 Texas Crim. App. 596; 9 Texas Crim. App. 490; Leach v. State, 22 Texas Crim. App. 279; Burt v. State, 38 Texas Crim. Rep. 397.  But this doctrine has never been extended to some state or condition brought about or caused during the difficulty.  . . .  The defendant is not required to prove any of the circumstances attending the difficulty, beyond a reasonable doubt; but is only required to prove the same as any other facts are required to be proved; and if the matters relied on be supported by such proof as would produce a reasonable doubt in the minds of the jury as to the prisoner's guilt, when the whole evidence comes to be considered by them, they must acquit."

If the defense of appellant could be called insanity, it was such as arose out of the immediate transaction for which he was prosecuted and was not an independent defense separate and distinct from the res gestae of the offense charged.  The Dent case, supra, will indicate to the trial court the character of charge necessary under the facts of this case.

It is claimed that the following language of the Court's charge is on the weight of the evidence:

"*If the instrument used by the defendant, in the manner in which it was used,* was not reasonably calculated to produce death, or serious bodily injury  . . .  then you will acquit him of that offense (assault to murder), and next consider whether he is guilty of an

aggravated assault, or whether he was excusable on account of his mental condition."

As already indicated, there was an issue made as to whether or not appellant had or used a knife and the Court's language amounted in effect to a statement that the State's evidence upon this disputed issue was true. This was clearly on the weight of the evidence and erroneous. Minor v. State, 1 S. W. (2nd) 315, and authorities there cited.

Bill of Exception No. 6 shows that the Court upon objections from the District Attorney that same was irrelevant and immaterial excluded the offered testimony of the witness Ed Carver to the effect that immediately after the alleged cutting he observed the appellant in a dazed condition with his face covered with blood coming from the blow on his head and that he was talking in an incoherent manner. This testimony tended to prove the very defensive issue submitted by the Court in his charge. We are unable to understand this bill of exception. Either the bill must have been inadvertently signed or the ruling inadvertently made, as the statement of facts shows that this witness and others testified to substantially the same facts. In view of this no error is presented, and we mention it only in passing.

This disposes of all the points briefed by appellant except that of the Court's action in refusing to grant a motion for continuance, which, owing to the disposition we make of the case, we deem unnecessary to discuss.

For the errors indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.