## W. D. Carr v. The State.

### No. 2977.    Decided May 17, 1905.

**1.—Assault to Murder—Provoking Difficulty—Charge of Court.**

Where the evidence in a prosecution for assault with intent to murder showed that defendant was either guilty of an assault of some grade, or he was justified in drawing his pistol by reason of the acts of prosecutor in starting towards him with a knife, it was error to charge on provoking the difficulty.

**2.—Same—Manslaughter—Malice Aforethought—Charge of Court.**

In a prosecution for assault with intent to murder, it was error to charge in effect that a specific intent to kill authorized a conviction, without stating that such intent must be attended by malice aforethought; in a case where the issue of manslaughter is strongly suggested by the evidence.

**3.—Same—Accidental Shooting—Charge of Court.**

Where the evidence in a case of assault to murder raised the issue of an accidental discharge of defendant's pistol, that issue should have been directly submitted, without confusing the jury with other matter foreign thereto.

**4.—Same—Argument of Counsel—Charge Must be in Writing.**

Where the argument of State's counsel was objectionable and not justified by the record, requested written charges to ignore the same should have been given, and oral remarks by the court to the jury to disregard the counsel's argument, do not satisfy the demand of the statute requiring that in felony cases the court's instructions must be in writing.

Appeal from the District Court of Potter. Tried below before Hon. H. H. Wallace, special judge.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hugh L. Umphres* and *Barrett, Stewart & Templeton,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to murder. The charge of the court on self-defense is criticised because it was curtailed by a charge on provoking the difficulty. The only charge on self-defense given by the court was given in connection with the charge on provoking the difficulty. Special charge was requested on self-defense omitting the charge on provoking the difficulty. Exception was reserved to the refusal to give this charge. Under the facts the charge on provoking the difficulty is not in the case. There had been two previous difficulties between the parties on the same evening prior to that on which this conviction is predicated. There was a separation of the parties after each of the previous difficulties. About twenty minutes subsequent to the second trouble, McGee, the alleged assaulted party, was seated in a confectionery near a stove, in the rear end of the room, when appellant entered. McGee had his knife in his hand at the time, and as appellant walked in the direction of McGee he arose, and witness Blackburn stepped towards appellant as he drew his pistol, as stated by some of the witnesses, and as stated by others appellant drew his pistol after Blackburn had gotten to and had taken hold of him. McGee indicated by an expression used that he was afraid appellant would shoot him. Appellant said nothing. In the scuffle with Blackburn appellant's pistol was discharged. The testimony is divergent as to whether it was an intentional or an accidental discharge. There is no evidence that we have been able to find which calls for a charge on provoking the difficulty. If when appellant walked in the store he intended to kill and drew his pistol for that purpose, and Blackburn sought to avoid him, this was not provoking the difficulty. On the other hand, when appellant walked into the store, and McGee rose with his open knife and started towards appellant, there was no act of appellant or words spoken by him which provoked McGee to bring on the difficulty. Appellant was either guilty of an assault of some grade, or he was justified in drawing his pistol by reason of the acts of McGee in starting towards him with the knife. McGee had some twenty minutes prior to this difficulty cut appellant with a knife.

Several crticisms are made on the tenth subdivision of the court's charge. That section reads, as follows: "You are instructed that before you can find the defendant guilty of assault to murder, you must believe from the evidence that the defendant fired his pistol at the said N. S. McGee with the specific intent then and there to kill the said N. S. McGee. Therefore, unless you find and believe from the evidence beyond a reasonable doubt that defendant did not accidentally discharge his said pistol, without intent to kill or inflict serious bodily injury upon the said N. S. McGee, you will find the defendant not

guilty." As to the first portion of the charge, it is urged that it authorized a conviction of appellant, if he fired the pistol with the specific intent to kill—omitting that in order to constitute an assault with intent to murder the specific intent must also be attended by malice aforethought. We believe this objection is well taken. Under the circumstances had the killing occurred, the issue of manslaughter would have been strongly suggested by the evidence, and appellant could have fired with the specific intent to kill, and had the killing occurred it might have been no greater offense than manslaughter. At least, this issue was in the case. It occurs to us that this charge intended to submit the issue of accidental discharge of the pistol. To say the least, this charge is confusing on this question. The issue of an accidental discharge of the pistol is very clearly raised by the evidence, and the jury should have been informed clearly and pertinently in regard to that phase of the law and not in the confused and uncertain manner as was done. Issues when raised by the evidence should be clearly and definitely charged, and in such manner that the jury will not be confused. If the issue of accidentally firing the pistol was in the case, the jury should have been told that, if they find the pistol was accidentally discharged, they should acquit; and if they had a reasonable doubt on the issue defendant was entitled to the benefit of the doubt. We are not here prescribing the form of charge but simply suggesting that the law should be pertinently and plainly stated.

There is a complaint of the argument of counsel for the prosecution. Requested charges were asked and refused. The argument was not justified by the facts, and we believe the charges requested should have been given. It is true the court verbally informed the jury that they should disregard them, but charges in felony cases should be given in writing, and here they were requested. The judgment is reversed and the cause remanded.

*Reversed and remanded.*