MORRIS MINOR V. THE STATE.

No. 10961.   Delivered October 5, 1927.

Rehearing denied State January 11, 1928.

**1.—Assault to Murder—Requested Charge—Defensive Theory—Erroneously Refused.**

The indispensable element of an assault to murder is a specific intent to kill, and where the defensive theory of appellant, supported by testimony, was a shot fired to frighten the prosecuting witness, or to make him halt, it was error to refuse a requested charge affirmatively submitting this defense, untrammeled by any qualification. See Scott v. State, 60 Tex. Crim. Rep. 318.

**2.—Same—Remarks of Trial Court—No Injury Shown.**

Where the case was called for trial on Monday, and the prosecuting witness failing to appear, the court remarked in the hearing of the jury panel, "I have just discovered that the witness Boren is not here, and am going to reset this case for Thursday morning. I am tired of passing this case from term to term, and am going to dispose of it this week." This remark would not constitute ground for quashing the jury panel, and no injury to appellant is shown.

**3.—Same—Evidence—Impeaching Witness—Improper.**

There was no error in refusing to permit appellant to ask a witness whether or not he had married his wife under instructions from the grand jury to prevent an indictment for incest. It not having been shown that said witness had ever been indicted for such offense, the question was improper.

**4.—Same—Bills of Exception—Incomplete—Present No Error.**

Bills of exception directed to the court's charge and to the refusal of requested charges, which do not show that objections were timely made to the main charge, or the refusal of requested charges, and which do not set out surrounding facts and circumstances pertinent to objections made to the admission or rejection of evidence, present no errors that this court

will consider.  See Shoppa v. State, 277 S. W. 123, and Lee v. State, 274 S. W. 582.

**5.—Same—Charge of Court—On Weight of Evidence—Improper.**

Where it was in evidence that prosecuting witness had been shot at on two different occasions and at different places on the same night, it was error for the court to charge as follows: "There is evidence in this case tending to show separate assaults upon the witness M. C. Boren, one alleged to have been committed near the gate, and the other. on the Gilmer and Orr City road." This part of the charge was clearly upon the weight of the evidence, and has been frequently condemned. See Mickey v. State, 49 Tex. Crim. Rep. 255, and other cases cited.

ON REHEARING BY STATE.

**6.—Same—Charge of Court—On Intent—Erroneous.**

On rehearing by the state we are confirmed in our original opinion that appellant was entitled to a specific, affirmative charge on his intent to kill, not limited by nor coupled with any other facts in evidence, and the state's motion is overruled.

Appeal from the District Court of Upshur County.  Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*M. B. Briggs* of Gilmer, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of assault to murder, penalty two years in the penitentiary.

Many antecedent acts showing ill-will on the part of appellant towards the prosecuting witness, M. C. Boren, appear in the record.  The testimony as to the facts of the difficulty in question and those immediately preceding it, is conflicting.  Prosecuting witness, Boren, testifies that he found a dead man on the . road and after leaving there someone shot at him several times near a gate a short distance from the body of the dead man. It was dark and he did not see nor recognize the party who did the shooting.  In company with a neighbor he then went for an officer and on the way encountered the appellant, who ordered him to "stop" and shot at him with a Winchester.  The appellant testifies that he, too, saw the dead man and went to the residence of Constable Thigpen with a companion to notify that officer.  That Thigpen was told that prosecuting witness Boren was the first man seen. around the dead man, whereupon

Thigpen instructed appellant to arrest Boren on the road back if he saw him. That on the way back appellant did meet Boren and ordered him to stop, intending, as he says, to arrest him and take him back to the body, whereupon Boren ran and he shot at him, not to kill him or to hit him, but only to scare him. Thigpen denied he had authorized appellant to arrest Boren. Appellant denied any knowledge of or participation in any shooting at a gate as testified to by Boren.

Appellant was tried and convicted upon the transaction happening on the road he traversed returning from Thigpen's to the body. It will be seen that the issue was sharply made as to whether appellant shot with intent to kill. Indeed, that was the only defense interposed by appellant to the charge of assault to murder. One of the indispensable elements of this offense is a specific intent to kill.

Under the facts of this case we think appellant was entitled to a distinct and affirmative charge on this issue untrammeled by any qualification. Scott v. State, 60 Tex. Crim. Rep. 318. The only affirmative presentation of this issue on behalf of appellant was in Paragraph 8 of the court's charge in the following language:

"If you shall find that prior to the shooting, if any, the witness Thigpen instructed or authorized the defendant to arrest M. C. Boren and that when he met him, if he did, he fired his gun to cause the said M. C. Boren to stop and not with the intent to kill him, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

It will be noted that before an acquittal is authorized under this charge the jury must believe that appellant was authorized by Thigpen to arrest Boren. Obviously, if appellant shot without a specific intent to kill, he was entitled to an acquittal of assault to murder, regardless of how the jury might decide the disputed issue of authority from Thigpen to arrest. This error we think would have been cured by giving the substance of appellant's special requested charge No. 1 to the jury.

Bill of exception No. 1 complains of the action of the trial court in refusing to quash the jury panel for the week. It appears that when appellant's case was originally called on Monday morning the court remarked: "I have just discovered in this case that the witness Boren is not here and I am going to reset this case for Thursday morning. I am tired of passing this case from term to term and I am going to try to dispose of it this week." As the chief witness for the state was

the cause of the delay, so far as the jury knew, we do not perceive how appellant could have been injured.

Bill of exception No. 11 presents the question of appellant's right to ask a witness the question of whether or not he married his wife under instructions from the grand jury to prevent an indictment for incest. The bill of exception shows that said witness had never been indicted and this testimony was inadmissible. Newton v. State, 250 S. W. 1036.

None of appellant's remaining bills can be considered. Some of them relate to exceptions to the court's charge and refusal to give special charges, and in none of these bills does it appear that such exceptions and presentation of special charges were timely made. To illustrate the general character of the other remaining bills, we reproduce bill of exception No. 5, omitting its formal parts:

"Now, Mr. Thigpen, where did you find those cartridges with reference to where you were when you had the conversation with Mr. Minor the night before?"

"A. About 150 yards back this side of where we had the conversation."

"Q. Was that on the road that Minor was traveling at the time you met him?"

"A. Yes, sir."

"Q. Now, where were those cartridges with reference to the gate?"

"A. They were about 20 steps north of the gate, 15 or 20 steps."

From an inspection alone of this bill this testimony may have been beneficial to the appellant. No surrounding facts and circumstances are included in the bill which would show its injurious character, if any. To say this must be done is but restating what this court has many times held. See collation of authorities under Art. 667, Vernon's Code of Criminal Procedure. Bills of exception in question and answer form without a certificate of the trial judge showing the necessity of such form cannot be considered. Shoppa v. State, 277 S. W. 123; Lee v. State, 274 S. W. 582.

As previously stated, Boren testified to having been shot at by someone at a gate. Appellant denied any knowledge of or participation in this shooting. Appellant was tried and convicted on a transaction happening at another time and place already referred to. The court charged upon these two alleged assaults in Paragraph 6 of his charge, beginning as follows:

"There is evidence in this case tending to show separate assaults upon the witness M. C. Boren, one alleged to have been committed near the gate, the other on the Gilmer and Orr City road."

This part of the charge was clearly upon the weight of the evidence and has been frequently condemned. Mickey v. State, 49 Tex. Crim. Rep. 255; Leach v. State, 46 Tex. Crim. Rep. 507; Santee v. State, 37 S. W. 436. While no objection was made in the lower court to this being upon the weight of the evidence, in view of another trial we deem it best to call the court's attention to this error. Testimony which goes to prove one of the main issues in the case need not, however, be limited. Hamilton v. State, 41 Tex. Crim. Rep. 644.

Because of the error first above pointed out, this cause will be reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We are not able to agree that the main charge in this case correctly set forth the law, this being the only ground on which rehearing is sought. There are two propositions embraced in that part of the charge quoted in our former opinion, both of which, from the language used in the charge, would have to be rejected by the jury before they could acquit, viz.: First, that appellant was instructed or authorized by Thigpen to arrest Boren; and, second, that when appellant met Boren he fired his gun merely to cause the latter to stop. Said two propositions are conjunctively stated in said charge, as appears from an inspection thereof. As a matter of law, if appellant shot for no other purpose than to stop Boren, as he testified, when he met Boren in the road on the night in question, and without intent to kill him, appellant would not be guilty of assault to murder. He was clearly entitled to have this issue submitted to the jury free from any issue as to whether Thigpen had given him authority to arrest Boren or not. Thigpen testified that he did not so authorize appellant, and when the two propositions stated above are made dependent, one on the other, in the court's charge, this materially weakened appellant's ground for expecting the jury to acquit. The appellant's right to an acquittal should have been made dependent

only on one of said propositions, viz.: that the jury believed he shot for the purpose of stopping Boren and with no intent to kill him.

The motion for rehearing by the state will be overruled.

*Overruled.*