PORTER EUBANK v. THE STATE.

No. 12871.   Delivered February 5, 1930.
Reported in 28 S. W. (2d) 808.

The opinion states the case.

*Carter & Stiernberg,* of Harlingen, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment confinement in jail for five months.

The record fails to show that appellant gave notice of appeal. In the absence of proper notice of appeal this court is without jurisdiction.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### APPELLANT'S MOTION TO REINSTATE APPEAL.

CHRISTIAN, JUDGE.—It is made to appear by supplemental transcript that timely and proper notice of appeal was given and entered in the minutes of the court.

The judgment of dismissal is set aside, and the appeal is reinstated and the case now considered on its merits.

Appellant was a constable in Cameron County. The state's testimony was in substance as follows: On the night of the 22nd of February, 1929, appellant, Jess Riley and Strong Boynton drove appellant's automobile to a carnival where they picked up a Mexican who told them that a car loaded with intoxicating liquor was coming to town. Carrying the Mexican with them for the purpose of having him identify the car, they drove down a road and stopped. Presently they saw a Ford sedan approaching. They endeavored to stop the car, but the occupants failed to heed their command to halt. The car increased its speed. Being unable to stop the car, appellant fired a shotgun in its direction and Boynton fired a pistol toward it three times. The car stopped and one of the occupants jumped out and ran into a field about a hundred yards away. A search of the car disclosed that it contained no intoxicating liquor. It appeared that the Mexican accompanying appellant and his companions was mistaken as to the identity of the car. The car on which the officer and his companion fired was occupied by school boys who were on their way to a party. Four shots took effect in the car. There were two holes in the fender, and one hole in the right side close to the top. Buckshot blew the extra tire out. The occupants of the car were not injured.

Appellant testified that he had secured a search warrant authorizing him to search a Ford sedan of a certain description; that the information upon which the affidavit was made was received from a Mexican; that when the car in question approached the Mexican said: "That is the car. Catch him"; that the driver of the car refused to halt but increased the speed of the car, and that he (appellant) shot at the casings for the purpose of frightening the occupants and making them stop; that he did not intend to hit the automobile, and had no intention of injuring the occupants; that he fired one shot with a shotgun and Boynton fired three shots with a pistol.

The indictment charged assault with intent to murder the occupants of the car, naming them. In his charge the court submitted assault with intent to murder, aggravated assault and simple assault. Appellant timely and properly requested the court to instruct the jury to acquit him of aggravated assault if they believed that he shot at the tires of the automobile solely for the purpose of frightening the occupants and causing them to stop and not with intent to injure them. We are of the opinion that the learned trial judge fell into

error in refusing to so instruct the jury. According to appellant's testimony, he did not shoot at the occupants of the car, but shot at the casings for the purpose of frightening the parties and causing them to stop. Under this testimony, the jury would have been warranted in concluding that appellant was guilty of nothing more than an assault. Drake v. State, 136 S. W. 1065; Price v. State, 194 S. W. 827. We quote from Ivory v. State, 87 S. W. 699, as follows:

"Appellant complains that the court failed to instruct the jury on that phase of the case arising from a portion of appellant's testimony to the effect that he shot to scare prosecutor. The language of appellant in his original examination was that 'he shot at prosecutor,' but on cross-examination he stated: 'I did not shoot any time at Thompson. I shot to scare him.' Appellant contends that the court should have charged on simple assault on this phase of the case, and cites Catling v. State, 72 S. W. 853, and Pastrana v. State (decided May 10, 1905) 87 S. W. 347. Both of these authorities support appellant's contention; that is, "that the court should have charged simple assault on this phase of the case. It may be that the trial judge considered the testimony on this point weak, but, in our opinion, it was sufficient to have required the charge."

In this connection the appellant requested the court to read to the jury the following special charge:

"If you believe from the evidence that the defendant shot at the tires of the automobile of the complaining witnesses solely for the purpose of causing them to stop their automobile and not with the intent to injure them, then you will find him not guilty of the offense of aggravated assault."

That the appellant was guilty of some grade of assault is not open to question. For reduction to the lowest grade of assault, that is, simple assault, he relied upon the testimony to which the special charge mentioned was addressed. It was intended to guide the jury in differentiating between the grades of assault and was calculated to aid them. It should have been given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.