ANDY PAGE v. THE STATE.

No. 13071. Delivered April 23, 1930.
Reported in 27 S. W. (2d) 219.

The opinion states the case.

*W. L. Ferrill* of Brownwood, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, three years in the penitentiary.

Prosecuting witness, O. D. Williams, testified to the purchase from appellant of a pint of whiskey on or about the date alleged in the indictment, for which he paid $2.00.

Bill of Exception No. 2 presents as error the action of the Court in overruling appellant's challenge for cause to Juror Busby and being forced to exercise a peremptory challenge on said juror. The effect of this bill is to show that this juror with many others had signed a statement commending the efforts of the Sheriff's department in enforcing the law and suppressing the liquor traffic. It is sufficient to show a bias of the juror in favor of the prohibition law and a prejudice against liquor law violators. This is not sufficient to disqualify the juror where the juror, as in this case, answered that he had no prejudice against the defendant nor against people charged with violation of the liquor law nor any opinion that would

affect his verdict. Bartlett v. State, 82 Tex. Crim. Rep. 468; Cooper v. State, 72 Tex. Crim. Rep. 266.

Questions of similar import are raised in other bills and will not be discussed.

Objection was made to the appellant being forced on cross-examination to testify that he was under indictment in another liquor case happening subsequent to the date of the offense for which he was on trial. Having offered himself as a witness, this was admissible as affecting his credibility as such. Branch's P. C., Sec. 167; Lights v. State, 21 Tex. Crim. App. 313.

Bill of Exception No. 7 shows that appellant offered Ray Cunningham as a character witness in his behalf. The exact trait of character put in issue is not disclosed by the bill, but it is shown that on cross-examination this witness was asked about whether or not be had heard of a certain incident of appellant stealing from one McAlister. Objection to this was overruled and exception taken. It is well settled that a witness who has testified to the good character of an accused may be asked on cross-examination with reference to some specific instance which reflects unfavorably on the trait of character put in issue. Branch's P. C., P. 117; Howard v. State, 37 Tex. Crim. Rep. 498; Forrester v. State, 38 Tex. Crim. Rep. 245; Williamson v. State, 167 S. W. 360. Since the State had a right to follow the predicate laid by appellant, this bill would manifest no error, in the absence of a showing in the bill that the issue involved in the matter inquired about had not been tendered by appellant.

Bill No. 9 is in question and answer form without any certificate from the trial judge showing necessity therefor and cannot be considered. Minor v. State, 1 S. W. (2d) 315, and authorities there cited.

Other contentions have been carefully examined and are deemed without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.