## BILL JOHNSON V. THE STATE.

No. 22190. Delivered June 17, 1942.
Rehearing Denied (Without Written Opinion) October 14, 1942.

494

The opinion states the case.

*Dabney & Dabney,* of Eastland, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of assault to murder and given one year in the penitentiary.

The prosecuting witness in this case, together with two other boys, went to the home of appellant at about dusk and, according to their story, had in mind the purchase of some whiskey. The evidence of the things that followed from the standpoint of the State is quite in conflict with that given by appellant. In fact, their stories are so different that it would be difficult to recognize them as being the same affair, save and except for the time and place. It is sufficient to say that the evidence from the standpoint of the State amply justified the jury's verdict.

The record is before us without bills of exception. Numerous requested special charges were presented which cannot be considered because the exception to the failure to give neither is certified by the trial court. However, extensive objections were filed to the court's charge and one of these, which is denominated as exception to section twenty of the court's charge, has impressed us as demanding consideration. In doing so it will be necessary to recite only that evidence by appellant to which it relates.

It is claimed by the appellant himself, his wife and his son, that when the parties approached the house they immediately engaged appellant in a struggle which lasted several minutes; that they had a shotgun, while appellant had nothing; that this gun was discharged in the struggle and that they heard one party tell another, "get that money." It was testified also that these parties had been present late in the afternoon and saw appellant sell some cattle and hogs and receive $174.00 in money; that when the foregoing statement was made concerning the money appellant threw his purse at a well. Later that night a search was made and the purse with its contents was found in a hole by the side of a well. This evidence raised the issue of robbery as a defense. Appellant denied that he ever at any time fired his gun, though he secured it later and after the two boys who were not wounded fled from the scene. The unusual character of this testimony as related to the physical facts is immaterial to the point we wish to discuss.

The court recognized the issue of robbery and in numerous places in his charge gave it as a defense. However, in paragraph twenty of his charge when he applied the law to the facts of the case he did so in the following language:

"In connection with the instructions heretofore given you, you are further instructed that even though you believe from the evidence that the assault made upon defendant Bill Johnson, by the witness V. B. Fenwick, acting either alone or with another person or persons, if you find such assault was so made, was not of such character or with such weapon as to put the said Bill Johnson in fear of losing his life or suffering serious bodily injury, but you should believe that at the time said V. B. Fenwick was shot, if he was shot, he, acting either alone or with one or more persons, was making an unlawful and violent attack upon said defendant and that the said defendant had no other reasonable and practical means for preventing such attack except to shoot the person or persons making such attack, then and in that event said defendant would have the right to shoot said V. B. Fenwick; and if you find that the shooting of said V. B. Fenwick, if he was shot, took place under the circumstances and conditions above stated or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' "

Proper objection was made to the foregoing charge calling attention to the fact that it did not permit the jury to acquit

appellant if they found that he shot the prosecuting witness to prevent robbery.

It is quite true that the defense consisted of a positive denial that he fired a gun at all, and, furthermore, that he was being attacked and feared bodily harm. The court submitted these issues to the jury, but in doing so he did not preclude appellant's right to have every other issue submitted. The law on this point is very clearly summarized in Moon v. State, 18 S. W. (2d) 635. In this case leading authorities on the subject are discussed and are here referred to without further discussion of the law involved. See also Arts. 1222, 1224 and 1227, Vernon's Ann. Penal Code.

For the failure of the court to submit the issue of defense of robbery to the jury the judgment of the trial court is reversed and the cause remanded.