L. M. CROWLEY V. THE STATE.

No. 22544.    Delivered June 9, 1943.
Rehearing Denied October 13, 1943.

The opinion states the case.

*L. H. Welch,* of Breckenridge, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was indicted for the offense of assault with intent to murder with malice. Upon his trial he was convicted of the offense of aggravated assault and his punishment assessed at confinement in the county jail for a period of one month and a fine of $500.00, from which judgment he has appealed to this court.

Briefly stated, the evidence adduced by the State shows that in the year 1911, the Texas Company acquired an oil, gas and mineral lease from J. W. Crowley and wife on approximately 313 acres of land located in Stephens County; that the com-

pany had drilled several wells on this land which produced oil; that in the year 1924, the Texas Company sold, and assigned said lease and transferred the same, together with the producing oil wells thereon, to McNallen & Griffin, a copartnership composed of A. J. McNallen and J. S. Griffin, who then operated the same; that thereafter the appellant acquired the surface of said tract of land and owned it at the time of the alleged assault. McNallen and Griffin had in their employ Gerald McNallen, who operated the wells and looked after the pumps, etc. On the day in question, while Gerald McNallen was engaged in the performance of his duty, appellant came there in his automobile in which he had a .22 caliber automatic rifle. He accused McNallen of having turned the salt water from the wells upon his land; that he had been doing so for a long time, whereupon McNallen called him a liar. Appellant then ran his hand into his pocket and McNallen was not slow in getting some distance between himself and the appellant; that when he (appellant) saw that McNallen was rapidly getting away, he went back to his car, got his rifle and shot three or more shots at him. By that time McNallen had reached a point approximately 100 yards or more away. None of the bullets took effect. However, each bullet came so near to McNallen that he heard it whistle and strike the sprigs and limbs of trees as it passed him.

Appellant's version of the affair, as testified to by him, is substantially as follows: When he accused Gerald McNallen of running salt water on his land, McNallen called him a God damn liar; that he told McNallen he could not take that; that when this remark was made, McNallen drew his knife, whereupon he (appellant) also got his knife out of his pocket; that it was then that McNallen ran to a clump of bushes, broke off a limb and started back towards him, whereupon he went to his car, got his rifle and shot several times towards McNallen as he was running towards Rig No. 2, where he knew that McNallen had been keeping a gun; that he shot to warn him to keep from getting it; that he did not shoot at him to kill him but to keep him from going to that rig. In rebuttal, the State proved that Gerald McNallen did not have a knife at the time in question.

J. J. Russell testified that after the trouble he met the appellant who told him that he shot at Gerald McNallen about five times; that he was shooting to hit him.

There was also proof that a .22 caliber automatic rifle, such as the one the defendant used, was dangerous at a distance of one mile. There is not any evidence that the assaulted party was beyond the carrying range of the rifle.

Appellant addressed a number of objections to the court's charge and followed each with an extended argument. Nearly all of the objections relate to the court's charge on the law of an assault with intent to murder with and without malice, but since the jury found appellant guilty of an aggravated assault, all objections relating to the court's charge pertaining to the law of an assault to murder passed out of the case and need not be discussed. However, the objection relating to the court's failure to charge on the law of simple assault and his failure to make proper application thereof to the facts of the case presents a question which requires our attention inasmuch as we think that the issue was raised by appellant's testimony. He testified that he did not intend to hit the alleged assaulted party; that if he had, he could have killed him as he was not over 100 yards away; that he merely shot to stop or prevent him from going to Rig No. 2 where McNallen generally kept a gun.

Section 3 of Article 1141, P. C., among other things, provides: "But the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault."

This court has held in the following cases that one who unlawfully shoots a gun with intent to alarm or scare another is guilty of simple assault, in the absence of an intent to injure, even though it is made with a deadly weapon where no injury is inflicted: See Catling v. State, 72 S. W. 853; Pastrana v. State, 48 Tex. Cr. R. 224; Smith v. State, 114 Tex. Cr. R. 534. See also Branch's Ann. Tex. P. C., p. 916, sec. 1537, and authorities there cited. We are of the opinion that the trial court erred in declining to respond to appellant's objection which directed his attention to the omission of an instruction on the law of simple assault.

Appellant also complains of the court's action in declining to sustain his motion to withdraw from the consideration by the jury the testimony given by the witnesses, Baker, Walker, Cox and McNallen, to the effect that the oil wells on the premises in question were being operated in accordance with the usual customary method of operating wells of that kind in Stephens County. We fail to see the relevancy of this testimony to any issue in the case. Appellant went to see the alleged assaulted party about salt water which had been permitted to flow onto his land. Whether this flow of water was due to negligence or was unavoidable in the operation of the wells in the customary

manner is, in our opinion, immaterial. The trouble started when Gerald McNallen called appellant a liar. This precipitated the assault which was not justified by the verbal provocation. For a discussion of the question of evidence relating to custom, see Lawrence v. State, 20 Tex. Cr. App. 540; Vick v. State, 69 S. W. 156; Hawkins v. State, 17 Tex. Cr. App. 593; Tubbs v. State, 50 Tex. Cr. R. 143; McCardell v. State, 77 S. W. 446.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State presents a motion for rehearing further contending that the evidence relative to the manner of operating oil wells on appellant's property was proper; that it was made so by the defense issues brought into the case by appellant and that in no event could it be construed harmful. The State has presented no authorities in behalf of such contention.

The reasoning in the original opinion appeals to the writer as being sound. The evidence is foreign to any issue in the case. It bolstered the position of the prosecuting witness before the jury and prejudiced them against appellant in the matter of the controversy between him and the injured party. It presented an occasion for the jury to decide which of the two was right and which was wrong in a matter which might have been of value to the decision of some issue in a civil proceeding but was wholly incapable of aiding the jury in any proper consideration of the issues presented to them in this case. On the return of the jury's verdict, appellant was justified in feeling that something had harmed him. In the state of the record, we are unable to say that the evidence thus presented had no part in it.

The case was properly reversed and the State's motion for rehearing will be denied.