LOUIS BROWN v. STATE.

No. 24897. November 8, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Assault with intent to murder without malice is the offense; the punishment, confinement in the penitentiary for a term of one year.

The offense was alleged to have been committed by appellant firing a shotgun into the house of the injured party. Some of the shot passed through a screen door and a wooden door and struck the injured party in the face, shoulder, and neck.

It is insisted that, under the facts, the appellant was entitled to have the jury instructed upon the law of simple assault. A proper exception was reserved to the failure of the trial court to do so.

Where the instrument used is not a deadly weapon and no serious injury is inflicted, the issue of simple assault arises. Branch's P. C., Sec. 1682; Price v. State, 81 Tex. Cr. R. 208,

194 S. W. 827; Eubank v. State, 115 Tex. Cr. R. 112, 28 S. W. 2d 808; Reid v. State, 138 Tex. Cr. R. 34, 133 S. W. 2d 979.

Appellant insists that the instant facts bring this case within the rule stated.

The facts will be examined in the light of this contention.

The wooden door, through which the shots passed, was produced in court. The sheriff described its condition and that of the screen door, as follows:

"I am familiar with fire arms. I have a pretty good idea what kind of pattern a shot gun discharged at a target will make. Looking at that door where a number of small holes appear in the panels and the cross members, I would think those holes are the result of shot discharged from a shot gun. Some wadding was laying between the screen and this door. I have no idea about how far the wadding carries from the muzzle of a shot gun when it is discharged, but that looks like it was about 15 steps from where it was shot. The shots spread out and cover an area of about two feet square. The screen door is full of holes. It has more than the wooden door does. Quite a few didn't come through the door, as you can see on the other side. There are more shots on that side. After receiving the report, I made an investigation. I arrested Louis Brown around eleven o'clock. He came to the jail around eleven, and surrendered to me."

Neither the gauge of the gun nor the size of the shots are shown. The distance from which appellant fired the bullets through the door is shown only by the opinion of the sheriff and, as might be deduced, from the shot pattern on the door.

The evidence fails to reflect that the injured party was injured by the shots that struck her. These, she said, "didn't get very deep" in her shoulder and neck. If she was hospitalized, she did not so testify. She said she went to a doctor, but if he adminnistered to her no one testified to such fact. It is apparent that the evidence fails to show the infliction of serious bodily injury to the injured party.

Ordinarily, a gun is a deadly weapon, per se. It may, however, be used in such manner as to show that it is not such. Watts v. State, 151 Tex. Cr. R. 349, 207 S. W. 2d 94; Branch's P. C., Sec. 1588. A deadly weapon is one which, in the manner used, is calculated to produce death or serious bodily injury. In the instant case, the use made of the gun produced neither death

nor serious bodily injury. The test, then, is whether, by the manner in which it was used, it was calculated to do either.

Regardless of the gauge of the gun, the size of the shot, or the distance from the house at which it was fired, we find that more shots failed to penetrate the door than passed through the door and that those which did pass through failed to inflict serious bodily injury.

It was the theory of the appellant, supported by his testimony, that the shooting was done with no intent to kill but only to scare the injured party and another person whom he believed to be in the house. He insisted that both before and after the shooting he had had ample opportunity to kill the injured party had he so desired.

Looking to the facts as a whole, the conclusion is expressed that the issue of simple assault was raised and that the trial court fell into error in failing to instruct the jury thereon.

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the court.