Frank HALL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 39115.

Court of Criminal Appeals of Texas.

April 20, 1966.

Rehearing Denied May 25, 1966.

Gerald Weatherly (appointed on appeal only), Charles R. Wheeler, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Truman Power, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is assault with intent to murder; the punishment, 14 years in the Texas Department of Corrections.

The evidence shows that all the witnesses to the assault had spent much of the evening in the No-Peep-Inn, and that the complaining witness, Woods, had talked and drunk beer with Betty McKee, common-law wife of appellant. At about 12:30 a. m. appellant his wife, and another girl left the tavern, and Woods and another man left about 15 or 20 minutes later. The two parties met a short distance from the No-Peep-Inn.

According to Woods, he attempted to apologize to appellant for his earlier familiarity with Betty McKee, telling appellant that "I did not know that that was your wife." Words were exchanged, then appellant said, "Betty, give me my pistol." When the girl refused, appellant took the pistol from her brassiere or purse. Both girls and Woods pleaded with appellant not to shoot Woods, and one of the girls attempted to disarm appellant, but as Woods backed away, appellant fired two shots at him. Woods, wounded, fell to the ground. He arose, and as he attempted to flee he heard two or three other shots, one of which struck him in the leg, after which he again fell to the ground and lost consciousness.

Witness Retha Gardner's testimony was substantially similar to that of Woods. She stated that appellant continued to fire at Woods until he was out of sight, and that

about six shots were fired during the transaction.

Testimony of the attending physician indicated that Woods suffered one wound in the left thigh and one in the head, and that these wounds were of the nature that bullets might produce.

Appellant testified that Woods was accompanied by several other persons and that he (appellant) was afraid for his safety and for the safety of his wife. He testified that Woods approached him with a pocket knife and that he fired at Woods only to stop him and did not intend to kill him. According to appellant, he fired only two shots, aiming the first one into the ground, then, when Woods failed to stop, firing the second time at Woods.

Other than testimony that Woods had his hand in his pocket during much of the transaction there was little to support appellant's theory of self-defense, and the jury chose not to believe it. The evidence is sufficient to sustain the conviction.

Appellant objected to the court's charge because it did not instruct the jury that appellant, in order to be found guilty of assault with intent to murder, must have had the intent to kill at the time the shots were fired at Woods. Appellant submitted a requested charge to the effect that unless the jury found that appellant had the specific intent to kill "the deceased," then they could not convict him of assault with intent to murder, and he must be acquitted. This requested instruction was refused by the trial court.

On appeal, appellant concedes that "The Trial Court, merely as a part of it— general charge, did charge, incidentally, along with the several elements of the alleged offense, that, to convict, the jury must find beyond reasonable doubt the various elements of the alleged offense, including 'the intent to kill the said Calvin Woods.'" It is appellant's contention, however, that he was entitled to a separate, distinct charge, affirmatively submitted, on the element of intent to kill.

Appellant cites 4 Branch's Ann.P.C. (2nd ed.) 187, Sec. 1846, where the rule is stated that "If defendant testified that he did not intend to kill he is entitled to an affirmative submission of his theory." We think the contention here is similar to that urged in Royal v. State, 154 Tex.Cr.R. 567, 228 S.W.2d 162, rehearing denied 229 S.W.2d 808. There, the offense was assault with intent to murder, and an affirmative charge was requested on intent to kill, which requested instruction was refused by the trial court. This Court affirmed the conviction, stating:

"The only evidence in the case to justify the foregoing charge is the quoted testimony of appellant himself. This is not an affirmative defense, but only a negative statement. It is sometimes very difficult to distinguish, under the holdings of our court, the difference between a negative defense and an affirmative defense requiring an affirmative charge. In the instant case, appellant testified to nothing which if found to be true would justify his acts if the jury should find he intended to kill. He merely denied the allegation of intention to kill. There is no requirement that this defense be affirmatively submitted." 228 S.W.2d 162, 163. See also, Fields v. State, 171 Tex.Cr.R. 636, 352 S.W.2d 729; Tapley v. State, 158 Tex.Cr.R. 495, 256 S.W.2d 583.

■ In the case at bar, the only affirmative defense raised by the evidence was appellant's theory of self-defense, upon which the jury was properly charged, and no affirmative submission of the issue of intent to kill was required. In reaching this conclusion, we have reviewed, among other cases, the following: Melton v. State, Tex.Cr.App., 367 S.W.2d 678; Barnes v. State, 172 Tex.Cr.R. 303, 356 S.W.2d 679; Trotter v. State, 170 Tex.Cr.R. 495, 341 S.W.2d 923; Mixon v. State, 168 Tex.Cr.R. 613, 330 S.W.2d 438; Brown v. State, 155 Tex.Cr.R. 233, 233 S.W.2d 578; Chandler v. State, 155 Tex.Cr.R. 41, 229 S.W.2d 71; Crowley v. State, 146 Tex.Cr.R. 269, 174 S.W.2d 321; Rodriguez v. State, 146 Tex.

Cr.R. 206, 172 S.W.2d 502; Barnes v. State, 145 Tex.Cr.R. 179, 167 S.W.2d 197; Johnson v. State, 144 Tex.Cr.R. 493, 164 S.W.2d 675; Buchanan v. State, 127 Tex.Cr.R. 100, 74 S.W.2d 1022; Irlbeck v. State, 118 Tex.Cr.R. 5, 40 S.W.2d 124; Eubank v. State, 115 Tex.Cr.R. 112, 28 S.W.2d 808, and Carr v. State, 48 Tex.Cr.R. 287, 87 S.W. 346, as well as the cases cited by appellant, discussed more fully below. It becomes clear that an accused is entitled to an affirmative instruction on any affirmative defense raised by the evidence. In addition, where there is evidence that the assault was made with no intention to kill, an accused is entitled to an instruction on the lesser-included offenses of aggravated assault and simple assault and, along with such an instruction, an affirmative submission of the issue of intent to kill. See the charge in Willson's Texas Criminal Forms Annotated (7th Ed.), Section 3472. We do not find that a simple denial of that element of the offense entitles an accused to an affirmative submission of the issue of intent to kill, absent a charge on the lesser included offense.

Appellant relies upon Watts v. State, 151 Tex.Cr.R. 349, 207 S.W.2d 94; Minor v. State, 108 Tex.Cr.R. 413, 1 S.W.2d 315; and Scott v. State, 60 Tex.Cr.R. 318, 131 S.W. 1072. These cases are not contrary to the principles stated above. In Scott, the conviction was reversed because the trial court refused to give the requested charge on intent to kill even though the charge contained an instruction on the lesser-included offense of aggravated assault. Minor was reversed because the court's charge was given in such a way that even though the jury found that appellant committed the assault with no intent to kill, they could still find him guilty of assault with intent to murder. Although it is not clearly evident from the opinion, a review of the record in Watts reveals that that case was reversed because of the trial court's failure to charge on intent to kill and aggravated assault as requested by the defendant in that case.

In this case, it was the burden of the state to prove beyond a reasonable doubt that the assault was committed with the intent to kill, and the court's charge required the jury to so find. The issue of whether or not such intent was present was raised by appellant's testimony, and an instruction on the lesser-included offense of aggravated assault should have been given, but no such charge was requested and there was no objection to the charge on that ground. We find no error in the trial court's refusal to give appellant's requested charge on intent to kill.

The court's charge on provoking the difficulty, which was given in conjunction with the instructions on self-defense, was objected to by appellant, who contends that the issue of provoking the difficulty is not raised by the evidence.

There was evidence that the complaining witness was quite friendly with appellant's wife. There is evidence that, when the two parties met later about two blocks from the tavern, appellant was the instigator of a "big argument" which led to the shooting—he spoke the first words, asking Woods what he was doing with his (appellant's) wife. There is evidence that appellant demanded his pistol, and also evidence that Woods thereafter stuck his hand in his pocket, impliedly for the purpose of arming himself. There is evidence that Woods advanced upon appellant with a knife, and that appellant thereupon shot him.

One conclusion to be drawn from this evidence is that appellant, incensed by Woods' familiarity with appellant's common-law wife, took the opportunity presented by their subsequent meeting to provoke an argument with Woods, and that his words and acts were calculated to excite Woods to the point that he would attack appellant, thereby providing appellant with justification for shooting Woods in self-

defense. Such circumstances call for a charge upon provoking the difficulty. Norwood v. State, 135 Tex.Cr.R. 406, 120 S.W.2d 806. A charge on this issue has been approved in cases where the supporting facts were much weaker. Ervin v. State, Tex.Cr.App., 367 S.W.2d 680; Muckleroy v. State, 165 Tex.Cr.R. 629, 310 S.W.2d 315; Crowley v. State, 117 Tex. Cr.R. 372, 35 S.W.2d 437.

In response to a motion by the state, the trial court instructed appellant not to allude to the fact that the complaining witness Woods was, at the time of the trial, under indictment for theft and confined in the county jail. Appellant argues that this information was admissible in evidence because it appeared that the witness had changed his testimony since being arrested, the intimation being that Woods' testimony was biased in favor of the state because of his anticipation of gaining a more favorable disposition of the charge pending against him. Appellant was allowed to impeach the witness by cross-examining him as to his prior inconsistent statement, and we find no substantial variation between Woods' testimony at the trial and his statements made prior to his arrest the day before the trial began. We also note that appellant was allowed to ask Woods this question: "During the time you and Frank Hall, Jr., were together this morning, Mr. Woods, did you make the following statement to Mr. Hall? 'That the reason you had changed your story was because if you did so, they would throw out the old case against you?'" The answer was, "No, sir, I did not." It appears that appellant was allowed every opportunity to impeach the witness except by showing that he was charged by indictment with an offense for which he had not been finally convicted. To have allowed impeachment on this ground would have violated Art. 732a, Vernon's Ann.C.C.P., now Article 38.29, Code of Criminal Procedure, 1965, which forbids impeachment by showing that there is an unresolved charge pending

against a witness. We find no reversible error in the action of the trial court.

The judgment is affirmed.

MORRISON, Judge (dissenting).

I cannot agree that the Court was authorized under the facts before us here to limit appellant's right of self defense by charging on provoking the difficulty. The testimony of State's witness Retha Gardner was that she left her establishment and that appellant and Betty McKee offered to accompany her to a grocery store and that thereafter appellant and Betty agreed to go to Baby's Place on Crawford Street and were in the act of so doing when Calvin Woods and his friend came toward the three of them.

Judge Hawkins in a scholarly opinion in Mason v. State, 88 Tex.Cr.R. 642, 228 S.W. 952, set forth the elements which should be present in order to authorize the giving of a charge on provoking the difficulty. I find none of them present in the case at bar and therefore conclude that the court erred when he instructed the jury that appellant would lose his right of self defense if they found that he provoked the difficulty with the injured party.

I respectfully dissent.