## DOYLE NOWLIN v. THE STATE.

No. 23473. Delivered November 6, 1946.

The opinion states the case.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for an aggravated assault, punishment assessed at a fine of $100.00 and three months in jail.

The indictment charged assault with intent to murder. It appears sufficient, and no error resulted from the overruling of a motion to quash.

We have not been favored with a brief from appellant. From the State's brief we quote a condensed statement of the facts, as follows:

"The statement of facts reflects that on the alleged date of the offense, to-wit, October 1, 1945, appellant, the injured party— Ben Wilson—and J. R. Warren left the town of Dublin in appellant's pickup about 1 o'clock in the afternoon and went to Ft. Worth; they stayed in Ft. Worth for some time, leaving there around sundown or dark on the return trip to Dublin; that while on this trip, and especially in Ft. Worth, each of said three named parties drank beer and there is evidence tending to show that all three of them drank whisky. The State's evidence shows that on their way out of Ft. Worth appellant bought a quart of whisky, and J. R. Warren bought a pint of whisky; that Warren loaned to appellant some money with which to buy said whisky. The appellant contends that while in Ft. Worth he bought two cases of whisky, Warren bought one case of whisky, and that Wilson stole a case of whisky.

"The State's testimony shows that the three parties came on back to Sunset Cafe near Dublin, where the pickup was stopped and all three of the parties went in the cafe but that appellant soon left but returned in about forty minutes and Wilson and Warren were eating steak at the time; that appellant opened the door to the cafe and hollered to Wilson and called him a s-of-a-b- and said, 'Here you s-of-a-b-, come out here; I am going to whip you.' Wilson got up and walked out to see what it was all about and he testified that when he got outside appellant had another kid, a soldier, there; that they took a swing at him; that he ducked back and out of the way and knocked appellant down; that appellant got up, came back at him and struck him with a knife, hitting him in the groin, and Wilson fell and appellant then struck him in the back and in the side.

"Dr. G. D. Smith, who treated Wilson, testified that the wounds were dangerous.

"Appellant's theory of the case according to his testimony was that on the way back to Dublin from Ft. Worth he was assaulted by Wilson and that Wilson struck him in the mouth, skinned his lips, but that they finally went on to Dublin, Wilson driving the pickup; that they stopped at the Sunset Inn, Wilson and Warren wanting to go in and eat but he told them he had to go home. He further testified that he discovered his whisky was gone. He further testified that he started on home and after he had driven a short distance he saw his billfold lying on the pickup seat, looked in it and it did not have any money in it; that he was supposed to have around one hundred forty or one hundred fifty dollars in money. About this time he picked up a boy by the name of Sharp and asked him if he did not want to ride. He carried the boy on down to Dublin and then asked him to come back with him. The boy was driving the pickup. When they got back to Sunset Inn appellant tried to get the Sharp boy to call Warren and Wilson out of the cafe but he refused. Appellant went to the cafe, he testifies, to find out something about his money and that when he got there Wilson hit him and that he then struck Wilson with a knife, and that in so doing he was acting to defend himself."

We supplement the foregoing as follows: Some of the State's evidence shows that when Wilson went out of the cafe as requested by appellant the latter accused Wilson of stealing a case of whisky from appellant, and when appellant made this accusation he was struck by Wilson with his fist, and then appellant began cutting Wilson with a knife.

Appellant objected to the submission by the court of the issue of assault with intent to murder on the ground that the evidence failed to raise the issue. We are not in accord with appellant's contention, but think it unnecessary to discuss the point as the question passed out of the case upon the conviction for aggravated assault only. For authorities see cases annotated in Note 44, under Art. 666 of Vernon's Ann. Tex. C. C. P., Vol. 2; Crowley v. State, 174 S. W. (2d) 321.

Appellant also complains because the court charged on provoking the difficulty. It occurs to us that the State's evidence pertinently raised the issue when a witness testified that appellant called Wilson from the cafe and accused him of stealing appellant's case of whisky.

Finding no errors in the record, the judgment is affirmed.