### WARNETT CARTER V. STATE.

No. 30,381. February 4, 1959.

*Jones, Herring & Jones,* by *Perry L. Jones,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Under an indictment charging assault with intent to murder, the appellant was convicted of the lesser included offense of aggravated assault; the punishment, one year in jail.

The injured party Woods testified that, while "on the town" on the night in question, he went to Lee's Dining Room, that while there he saw the appellant but did not remember having an argument or any trouble with anyone, that after he left Lee's and while standing on the sidewalk nearby the appellant came up behind him and "stuck me in the back with a knife." He stated that "it went through my lung and split my kidney," that he was in the hospital 42 days, went home and stayed about a week and a half, and went back for two more operations.

Appellant did not testify or offer any evidence in his own behalf.

Appellant's complaint that the court erred in submitting the case to the jury as one of assault with intent to murder passed out of the case when the jury found him guilty of the lesser included offense. Nowlin v. State, 149 Texas Cr. Rep. 563, 197 S.W. 2d 350, and cases cited under Article 666, V.A.C.C.P., Note 44.

The injured party's testimony as to the extent of his injuries showed serious bodily injury and was sufficient to support the conviction for aggravated assault.

Finding no reversible error, the judgment of the trial court is affirmed.