## CAL SCOTT v. THE STATE.

### No. 2827.  Decided June 22, 1904.

**1.—Deadly Weapon—Charge of the Court.**

Where the evidence showed that defendant was 125 to 200 yards from the person injured and that the gun he had was loaded with bird shot, and that according to his testimony he in no way participated in the shooting, it was error to define a deadly weapon to be a gun within carrying distance.  Distinguishing Juley v. State, 8 Texas Ct. Rep., 378, 45 Texas Crim. Rep., 391; Morris v. State, 8 Texas Ct. Rep., 378.

**2.—Charge of the Court—Bystander—Principal.**

Where the testimony of defense is positive and direct that defendant did not aid another in any manner in the shooting, and did not fire the gun, and had no connection with the difficulty, except as a bystander, the court should have submitted a charge on this phase of the case.

Appeal from the District Court of Nacogdoches.  Tried below before Hon. Tom C. Davis.

Appeal from a conviction of assault with intent to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Brewer & Lewis* and *D. M. Short & Sons,* for appellant.—In a case where the testimony for the State is circumstantial on the subject of the deadly character of the weapon used, where the charge is an assault with the intent to murder; and where the testimony for the defense is direct on the same subject to the effect that the weapon used was not a deadly one, an instruction to the effect that a gun used as a firearm within carrying distance is a deadly weapon is erroneous, and is fatally defective in failing to define a deadly weapon to be an instrument reasonably calculated and likely to produce death or serious bodily injury from the manner in which it is used.  Morris v. State, 8 Texas Crim. Rep., 378.

On the other hand, this court has defined in a great many cases a "deadly weapon" to be one calculated and likely to produce death or serious bodily injury in the manner of its use.  Hardy v. State, 36 Texas Crim. Rep., 400; Wilson v. State, 15 Texas Crim. App., 150; Briggs v. State, 6 Texas Crim. App., 144; McReynolds v. State, 4 Texas Crim. App., 327; Kouns v. State, 3 Texas Crim. App., 13; Sheffield v. State, 1 Texas Crim. App., 640; Skidmore v. State, 43 Texas, 93. In the case of Jenkins v. State, 30 Texas Crim. App., 379, this court holds that a pistol is not necessarily a deadly weapon. In the case of Melton v. State, where the weapon used was an ax, the court holds it to be a matter of proof whether the weapon used was a deadly one. If a matter of proof, and the charge must be applicable to the facts, and one theory of the defense is that he could not have inflicted death or serious injury with the means and under the circumstances shown to exist, then the instruction is manifestly misleading and detrimental.  According to the instruction, if the appellant shot at Isom Chandler with a gun loaded

with bird shot, and any of said shot reached Isom Chandler, and the appellant was actuated by malice and had the specific intent to kill, then the jury was authorized to find the defendant guilty as charged. In the Wilson case, 37 Texas Crim. Rep., 156, the court instructed the jury in the very language of the special instruction requested to be given and this court held said instructions to be correct. In the Wilson case the defendant used a shotgun loaded with shot, discharging said gun at a distance of ten or twelve feet into the face, neck, head and shoulders of the injured party, three of the shots entering the eye while some went through the jaw and knocked out two of his teeth.

A person can not be guilty of an assault with intent to murder unless he has the means to carry into execution his intent; and a gun loaded with bird shot in the hands of the defendant, 100 yards away from his intended victim, is not necessarily a "deadly weapon," and the instructions to that effect, in the language above mentioned, in a case like this, is upon the weight of testimony and constitutes reversible erorr.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant criticises the court's definition of a deadly weapon, and writes at length attempting to show that the court's definition was erroneous. But under the facts of this case the definition was sufficient and could not mislead. It is the identical definition given in Juley v. State, 8 Texas Ct. Rep., 378. See also Lockland v. State, 7 Texas Ct. Rep., 962.

DAVIDSON, Presiding Judge.—From a conviction of assault with intent to murder with the minimum punishment appellant has prosecuted this appeal. The evidence discloses that a short time prior to the difficulty a notice had been posted on the door of Dr. Cox ordering him to leave the country. There was a meeting of some of the citizens in regard to this notice a few days prior to the trouble resulting in this conviction. Chandler, the alleged assaulted party, disclaimed placing his name on the notice posted on the door of Cox's office. These matters brought about rumors and reports of anticipated trouble. On the day of the shooting Cox and appellant were at a blacksmith shop, Cox having his horse shod. Chandler and Jones were approaching the shop, Chandler being armed. When Chandler was within from 125 to 200 yards of the shop, Cox became uneasy, stepped out, got behind a tree, and the shooting began between Cox and Chandler. At this time appellant was standing in the door of the blacksmith shop, having a shotgun. The State's testimony shows that he fired from the door of the shop, and then went out, got behind a tree, from where he fired other shots at Chandler. Appellant introduced evidence disproving these facts, showing that he did not fire either from the shop or the

tree, but in fact remained in the shop during the shooting between Cox and Chandler, and in no way engaged in it.

The law applicable to assault to murder and aggravated assault was given in the charge of the court. Exception is reserved to that portion of the charge which undertakes to define a deadly weapon, which "is a gun within carrying distance." We are referred to the cases of Juley v. State and Morris v. State, 8 Texas Ct. Rep., 378, 45 Texas Crim. Rep., 391, in support of this phase of the charge. This was held correct in those cases under the peculiar facts detailed in each. In each of these cases the assailant shot his antagonist at close range, one with a shotgun and the other with a pistol. So there was no question that the assailant in each case was near enough to and did inflict serious bodily injury. There was no probable injury in either case by reason of the charge; and in each decision the charge was upheld under the facts stated therein. But in the case in hand the witnesses place the distance at 125 to 200 yards, and appellant's testimony shows his gun was loaded with bird or squirrel shot. Under the facts of this case the charge is incorrect. It is possible that the shotgun might carry bird shot at 125 yards, but is barely probable, and it is not possible that any serious injury could have been inflicted at that distance with that character of shot. There is no testimony tending to show that any serious bodily injury could have been inflicted at that distance. While it is true if Cox shot with a weapon which could have inflicted death or serious bodily injury, and appellant acted as principal in the transaction, he might be chargeable from that theory with an assault with intent to murder, if Cox was guilty.

Appellant's testimony is positive and direct that he did not aid Cox in any manner and did not fire the gun, and had no connection with the difficulty except as a bystander. Exception was reserved to the charge, because the law applicable to this phase of the testimony was not given. This omission is error. If appellant was simply present and witnessed the shooting between the parties, if it be conceded that Cox was guilty, appellant would not be guilty unless he made himself a principal to the transaction. Under his testimony this was not the case, and the jury should have been instructed under this state of case in a positive and affirmative charge that under his facts he would not be guilty.

There are some questions raised on the motion for new trial as to newly discovered testimony. It is not necessary to discuss this, as the witness can be had before the jury on another trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*