## INA FLEMING v. THE STATE.

### No. 4426.    Decided April 4, 1917.

**1.—Assault to Murder—Aggravated Assault.**

Where, upon trial of assault with intent to murder, defendant's testimony raised the issue of aggravated assault, upon which he requested a charge which the court refused, and the defendant excepted to the charge of the court on this ground, the same was reversible error.

**2.—Same—Self-defense—Charge of Court.**

Where, upon trial of assault with intent to murder, the evidence failed to raise the issue of self-defense, there was no error in the court's failure to charge thereon.

**3.—Same—Evidence—Motive.**

While it was probably not reversible error, yet defendant should have been permitted to testify why he called at the house of the party injured, where the trouble arose.

**4.—Same—Evidence.**

On trial of assault to murder, there was no error in admitting testimony that the defendant was under the influence of liquor shortly after the commission

of the offense, and also as to the wounds testified to by the defendant and claimed to have been inflicted upon him by the party injured. · Following Pilcher v. State, 32 Texas Crim. Rep., 557, and other cases.

**5.—Same—Confessions—Warning—Evidence—Examining Trial.**

Where defendant was not properly warned as to his right to make a statement on his examining trial, his declaration about the difficulty, although not such as contemplated by law, should not have been admitted.

Appeal from the District Court of Titus. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.—On question of explaining motives: Irby v. State, 25 Texas Crim. App., 203; Farrar v. State, 29 id., 250; Hobbs v. State, 16 id., 517.

On question of declaration of defendant while under arrest: Kirby v. State, 23 Texas Crim. App., 13; Gentry v. State, 24 id., 80; Bailey v. State, 26 id., 706; Walker v. State, 28 id., 112; Evans v. State, 13 id., 225; Salas v. State, 31 Texas Crim. Rep., 485.

On question of court's failure to charge on aggravated assault: Bonner v. State, 29 Texas Crim. App., 223; Carter v. State, 28 id., 355; Moore v. State, 33 Texas Crim. Rep., 306; Scott v. State, 60 id., 318.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question as to opinion as to character of wounds: Williams v. State, 60 Texas Crim. Rep., 453; Fay v. State, 52 id., 185.

On question of voluntary statement: ' Villegas v. State, 41 S. W. Rep., 610; Campbell v. State, 63 Texas Crim. Rep., 595.

On question of self-defense not raised: Anderson v. State, 34 Texas Crim. Rep., 546; Yardley v. State, 50 id., 644; Mattison v. State, 54 id., 514; Monroe v. State, 47 id., 59; Early v. State, 51 id., 382.

PRENDERGAST, JUDGE.—Appellant was convicted of an assault with intent to murder, and assessed the lowest punishment.

The preponderance of testimony would show that appellant went to the house of Pink Evans, the assaulted party, at about 1:30 o'clock at night. Evans and his family were in bed asleep. That appellant called him to the door and without any provocation shot him with a pistol, a flesh wound, in his left side. And the testimony would clearly justify his conviction.

However, appellant testified that he went to Evans' house at the time indicated for the purpose of waking up a daughter of Evans and having her to go with him to his house, only a short distance. He further testified that he did not shoot Evans nor intend to do so and that he did not intend to kill him. He claimed that when Evans came to the door, Evans assaulted him and then attempted to take from him (appellant) his pistol. That they got in a struggle over the pistol,

appellant trying to keep Evans from getting it and Evans trying to get it, and that the pistol was either accidentally fired, not by him, or if not accidental, by Evans himself in his struggle for the pistol. It will thus be seen that aggravated assault was raised by appellant's own testimony. Appellant excepted to the charge of the court because the court failed to charge on aggravated assault and asked a charge on that subject himself, which the court refused.

While the preponderance of testimony was in favor of the State, yet appellant's own testimony raised the issue, and it was reversible error for the court not to charge on aggravated assault. (2 Branch's Ann P. C., sec. 1677, where he collates some of the authorities.)

Appellant also contends that the evidence raised, and the court should have charged on, self-defense in his favor. He excepted to the court's charge because of his failure to do so and asked a charge on that subject. We doubt if the evidence raised that issue, and unless it does on another trial more pertinently than on this trial it would be unnecessary for the court to charge on self-defense.

While it would probably not have been reversible error for the court to refuse to permit appellant to testify to his intimacy with and engagement to marry said Evans' stepdaughter and that she had told him to call at Evans' house for her that night when he returned, yet on another trial it would be better for the court to permit that testimony.

The court correctly held that the testimony of the witness Sanders that appellant was considerably under the influence of liquor at the time or shortly after the commission of said offense was admissible. Neither did the court err in permitting the witness Sanders to testify as he did about the claimed wounds which appellant testified were inflicted upon him by said Evans, the witness' testimony clearly showin his competency to testify as he did. (Pilcher v. State, 32 Texas Crim. Rep., 557; Morris v. State, 30 Texas Crim. App., 95.)

Appellant was accused of this alleged crime right after the occurrence, and there was an examining trial before the justice of the peace. Appellant was brought out of jail to attend that trial. He was not informed at the proper time (art. 294, C. C. P.) of his right to make a statement, nor was he informed at the time that he was not compelled to make any statement, but if he did it might be used in evidence against him. He did not testify at that trial, nor did he make a statement such as was contemplated by law, but at the ime he was asked by the district attorney in substance if he desired to make a statement, he said: "I don't know anything about it. I was so drunk I don't know anything about it. Uncle Pink (the assaulted party) and I were good friends. The first I knew, I waked up in jail." Under the circumstances it was error to admit that testimony over his objection. (Arts. 294-295 and 810, C. C. P.)

The record presents no other errors.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*