## NELVIN WATTS V. THE STATE.

No. 23710. Delivered June 18, 1947.
Appellant's Motion for Rehearing Granted December 3, 1947.
State's Motion for Rehearing Overruled (Without Written Opinion)
January 21, 1948.

350

*Anglin & Jones*, of Longview, for appellant.

*R. L. Whitehead*, Criminal District Attorney, of Longview, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder and the punishment assessed is confinement in the state penitentiary for a term of two years.

The record reflects that on the night of January 7th, 1947, appellant shot Will Roberts with a 410 single barrel shotgun at close range. The State's testimony shows that Will Roberts,

the injured party, was standing at or near a bus stop talking to a party when appellant came up the street with the gun. Roberts inquired of him what was the matter, but appellant apparently did not hear him and made no reply. Roberts, the injured party, then started toward appellant to ascertain what was the matter when he suddenly raised his gun and shot Roberts. There is testimony from other witnesses to the effect that Roberts, the injured party, had nothing in his hand nor made any hostile demonstration whatsoever.

Appellant testified that when he came up the street Roberts inquired of him what he was doing with the gun at that time of the night; that at the time, Roberts was standing on the porch; that he got off of the porch, grabbed appellant's wrist and said, "Give me that gun, you haven't any business with it in the highway at this time of night." I said, "Turn aloose of me, and give me this gun, this is a white man's gun. I snatched loose and went up the road. He commenced following me. I told him not to come up on me no more. He kept comin up on me and I hauled off and shot him. I didn't intend to kill him. I shot one time, turned and went home." The foregoing is a brief summary of the salient facts proved on the trial.

The court instructed the jury on the law of an assault to murder with and without malice, on self-defense, and suspension of sentence, to which no objections were made. At least none appear in the record.

Appellant requested two special charges on the issue of an assault to murder without malice and on the specific intent to kill. The court sufficiently instructed the jury on the subject and therefore there was no need to give any further instruction on the subject and unduly emphasize the same. See Moseley v. State, 70 S. W. 546. The facts in this case are as strong as the facts in the case of Mosely v. State, supra, and in that case, as in the instant case, the court omitted the word "specific" preceding the word "intent" in the charge. However, this Court held that the omission of the word "specific" was not fatal to the conviction because the charge did require the jury to believe beyond a reasonable doubt that the assault was made with intent to murder before they could convict, and such is the case here. See also Hooper v. State, 29 Tex. App. 614.

His third requested special charge is to the effect that if he did make an assault upon Will Roberts but did not entertain the specific intent to kill, the jury could not convict him of any

greater offense than aggravated assault. Whether or not he had the specific intent to kill Will Roberts depends upon the facts proven. In the instant case, appellant made the assault upon Roberts with a shotgun, a deadly weapon per se, by shooting him at very close range with No. 4 shot in the chest. Some of the shot penetrated the chest and entered the lungs causing hemorrhage. When a deadly weapon is used in a deadly manner, the presumption is that he intended to kill although he may testify that he had no such intent. His want of intent to kill alone would not reduce the offense to an aggravated assault or call for a charge on the subject. To so hold would require an instruction relative to the law on an aggravated assault in every case even though he might have shot him with a high power rifle. However, where the instrument used in committing the assault is not per se a deadly weapon and is not used in a deadly manner, and he testifies that he did not intend to kill, of course, the accused is entitled to an instruction on the law of an aggravated assault. We do not think that under the facts of this case appellant was entitled to such charge.

If the assault is voluntary, committed with deliberate design, and with an instrument capable of producing death, and there are no extenuating circumstances, it is an assault with intent to murder. See Trevinio v. State, 27 Tex. App. 372, and Miller v. State, 13 S. W. (2d) 865.

By Bills of Exception Nos. 1 to 5, both inclusive, appellant complains of the action of the trial court in permitting certain witnesses to testify to the fact that there had been a fight between appellant and Willie Twiggs which occurred at Twiggs' home about one and a half or two hours prior to the time of the commission of the offense for which appellant was on trial; that about the time he left the Twiggs' premises, he said he was going to get a gun and kill Will Twiggs. The court admitted this testimony as showing the state of appellant's mind at the time Will Roberts inquired of him what he was doing on the street with a gun; that when Roberts started to walk in the direction of appellant, he shot Roberts believing that Roberts would take the gun away from him. It was a circumstance from which an inference arose that appellant was on the warpath seeking to kill Will Twiggs and when he conceived the idea that Roberts intended to disarm him, he became irritable and shot Roberts.

We are not unmindful of the general rule that evidence of extraneous offenses is not admissible unless it conduces to the

proof of a pertinent hypothesis. We think the facts here bring it within the exception.

Appellant's bill of exception relating to the court's charge on the law of an assault with intent to murder with malice aforethought passed out of the case when the jury found him guilty of an assault with intent to murder without malice.

By Bill of Exception No. 7 he claims that he, in due time, objected to the court's charge. We find no objection to the charge of the court in the record.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists (a) that we were in error in holding that the presumption of an intent to kill arises, as a matter of law, in a case of an assault with intent to murder when the instrument used was a deadly weapon per se, and (b) that the presumption arising in such case is one of fact and therefore subject to be rebutted. A review of the authorities convinces us of the correctness of appellant's contention.

In the case of Agitone, 41 Tex. Rep. 501, by the Supreme Court of this state when that court had appellate jurisdiction in criminal matters, we find the rule announced that the presumption arising from the use of a deadly weapon in assault with intent to murder cases is one of fact and not of law. In Cooper v. State, 60 Tex. Cr. R. 411, 132 S. W. 355, we find this language: "Simply because a man shoots at another does not necessarily make it an assault with intent to murder."

There exists the line of authorities holding that it is not an assault with intent to murder to shoot at another to scare (Young v. State, 68 Tex. Cr. R. 580, 151 S. W. 1046; Roddy v. State, 136 Tex. Cr. R. 496, 126 S. W. (2d) 669), or to shoot to stop (Minor v. State, 108 Tex. Cr. R. 413, 1 S. W. (2d) 315), or to shoot at one out of range (Scott v. State, 46 Tex. Cr. R. 315, 81 S. W. 952; Jackson v. State, 54 Tex. Cr. R. 605, 114 S. W. 136; Burks v. State, 145 Tex. Cr. R. 15, 165 S. W. (2d)

460), or to shoot accidentally (Fleming v. State, 81 Tex. Cr. R. 162, 194 S. W. 159), or to shoot at no one in particular (Downey v. State, 129 Tex. Cr. R. 282, 86 S. W. (2d) 1084).

In Branch's Ann. Tex. P. C., Sec. 1677, we find the rule stated as follows:

"If there is testimony which, if true, would render it doubtful whether the accused intended to kill when he assaulted the alleged injured party, the court should charge on this theory of aggravated assault."

Numerous authorities are cited in support of the rule.

In 22 Tex. Jur. Sec. 271, we find the rule stated as follows:

"Whenever the proof in prosecutions for assault with intent to murder is inconclusive as to the existence of a specific intent to kill, the charge must give the jury discretion to convict of a lower grade of assault if they should find that there was no such intent."

Other cases supporting the rule stated might be cited, but these are deemed sufficient to show that the presumption arising from the use of a deadly weapon per se, such as the shooting at another with a gun, is one of fact and not of law. A presumption of fact is a rebuttable presumption, subject to be rebutted by facts. It follows, then, that if there be testimony from any source raising the issue of an intent to kill, the accused is entitled to have the jury instructed in accordance therewith.

In the instant case the assault was made with a deadly weapon per se, that is, a .410 shotgun loaded with No. 4 shot. Appellant testified that the injured party was twenty yards from him when he fired the shot; that he shot in self-defense with no intent to kill, but to stop the injured party from advancing further on him.

The attending physician described the injured party's wounds as follows:

"As to the nature and extent of the wounds that Will Roberts received, he had a shot, evidently with a shotgun, oh I don't know how many shots, 20 or 30, I guess, in the right lung, right chest, and 5 or 6 shot in his right arm. The shots, some of the shot have penetrated into the chest cavity into the lung itself."

This testimony is cited by appellant as corroborating his theory that the shot was not fired at close range but at a distance sufficient for the shot pattern to extend from the chest to the arm.

In the light of appellant's affirmative testimony that he did not intend to kill the injured party but fired only in self-defense and to stop the injured party, together with the other facts in evidence, we are constrained to conclude that appellant was entitled to have the jury instructed, in accordance with his request, to the effect that if he shot with no intent to kill, he could not be guilty of assault with intent to murder.

In reaching this conclusion, we are not unmindful of the argument of the State that the rule stated would call for such a charge in all cases of assault with intent to murder where the accused testified to a lack of intent to kill, and this regardless of the weapon used or the injuries inflicted. Such appears to be the rule. We have been unable to find any case holding to the contrary. It must be remembered that the intent to kill is an essential element of the crime of assault with intent to murder, without which that offense is not made out. Also, the propriety or necessity of giving defensive instructions in a criminal case rests alone upon whether there be testimony raising such issues. The source from which the testimony comes cannot be looked to. This has always been the rule, although the issue is raised solely and alone by the testimony of the accused. The rule is founded upon the proposition that the weight to be given to the testimony rests alone with the jury. In order that no confusion might arise, it should be pointed out that the rule here announced appears to be different where death results and the prosecution is for murder. See Hadnot v. State, 110 Tex. Cr. R. 109, 7 S. W. (2d) 566; Barr v. State, 146 Tex. Cr. R. 178, 172 S. W. (2d) 322.

Art. 1028, P. C., as it existed prior to 1925, read as follows:

"Test on trial of assault to murder.-

"Whenever it appears, upon a trial for assault with intent to murder, that the offense would have been murder had death resulted therefrom, the person committing such assault is deemed to have done the same with that intent."

This article was not carried into the 1925 codification and is not now a part of the statute law of this state.

Art. 1165 P. C. (1925) is still in our statute, and reads as follows:

"Test of assault to commit offense.An assault with intent to commit any other offense is constituted by the existence of the *facts* which bring the offense within the definition of an assault, *coupled* with an intention to commit such other offense, as of maiming, murder, rape or robbery." (Italics ours).

From what has been said it follows that the trial court erred in refusing appellant's special requested charge.

Accordingly, appellant's motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is now reversed and the cause remanded.

Opinion approved by the Court.