**J. B. FULLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39945.**

Court of Criminal Appeals of Texas.

Dec. 14, 1966.

Rehearing Denied Jan. 18, 1967.

Leighton Cornett, Paris, for appellant.

Jim N. Thompson, County Atty., M. D. Emerson, Asst. County Atty., Paris, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for assault with intent to murder with malice; the punishment, three years.

Trial was after January 1, 1966.

The state's testimony was undisputed that appellant shot the injured party with a .38 calibre pistol after the injured party had reprimanded appellant in a domino hall for making a statement that he (appellant) ought to go get his gun and kill everyone present. Both parties had left the hall and at the time of the shooting some twenty minutes later the injured party was standing at a street corner near a fire plug and appellant was standing, at relatively close range, near his automobile, in the middle of the street. The testimony of the state's witnesses was, in substance, that appellant drove up in his automobile, got out, and fired five shots at the injured party without any legal justification or excuse. The first shot missed its mark but the other four bullets struck the injured party's body.

Testifying in his own behalf, appellant admitted shooting the injured party but gave no explanation for the shooting. Appellant swore, however, that he did not intend to kill him.

The court submitted to the jury in his charge the issue of appellant's guilt of assault with intent to murder both with and without malice.

Appellant objected to the charge on the ground that it did not contain a charge

on the law of aggravated assault. The objection was overruled, which action of the court is the basis for appellant's ground of error #1 on appeal.

Appellant insists that, in view of his testimony that he did not intend to kill the injured party, the court should have charged on aggravated assault. Watts v. State, 151 Tex.Cr. 349, 207 S.W.2d 94, is relied upon in support of his contention.

Watts v. State, supra, is not here controlling, because, in that case, the accused testified that he shot in self-defense with no intent to kill the injured party; his testimony and the other facts and circumstances rendered it doubtful whether he had the intent to kill, and a charge on aggravated assault was required. In the instant case, appellant made no explanation of the shooting but merely stated that he had no intent to kill. The facts and circumstances show a premeditated and unprovoked shooting of the injured party by appellant, with a deadly weapon; his testimony, under the facts, did not render doubtful his intent to kill. As pointed out in the Watts case, it is in those prosecutions where the proof is inconclusive as to the existence of a specific intent to kill that the court must charge on aggravated assault. Here, the proof of appellant's intent to kill was conclusive, and a charge on the lesser offense was not required. Day v. State, 120 Tex.Cr.R. 17, 48 S.W.2d 266. See, also, Royal v. State, 154 Tex.Cr.R. 567, 228 S.W.2d 162, in which this court held that a mere denial of intention to kill did not require the affirmative submission of such as a defense.

We have examined the court's instruction defining murder with and without malice aforethought, and overrule appellant's ground of error #2—which is, in substance, that the court's definition was an incorrect statement of law and prejudicial to him.

Following return of the jury's verdict of guilty, appellant requested that the jury assess the punishment. Thereupon, evidence was presented to the jury on the question of punishment under the alternate procedure provided by Art. 37.07, subd. 2 of the 1965 Code of Criminal Procedure.

Appellant testified, in support of his application for probation of sentence, that he had never been convicted of a felony in this or any other state. He also called certain character witnesses, who testified that his reputation for being a peaceable and law-abiding citizen was good.

On cross-examination, the state asked several of the character witnesses if they had heard of certain convictions of appellant in the corporation court for affray. On cross-examination of appellant, state's counsel asked:

"Q. Are you the same J. B. Fuller *that* was convicted of the offense of assault on the 19th day of October, 1962, in Judge Streety's Juctice of Peace Court."

Appellant objected and moved for a mistrial on the ground that it was "an improper method of attacking the reputation or character of this defendant." The objection was by the court overruled, and appellant answered:

"I have been arrested before, yes, sir."

By ground of error #3, appellant insists that the court erred in permitting state's counsel to question him relative to his conviction in the justice court of the misdemeanor offense of assault. It is first insisted that the state should not be permitted to show the conviction as a part of appellant's "prior criminal record," under Art. 37.07, subd. 2(b) of the 1965 Code, because it was not a conviction for a felony offense or a misdemeanor offense involving moral turpitude. It is also insisted that, assuming the conviction to be admissible as a part of appellant's "prior

criminal record," under Art. 37.07, supra, the inquiry should not have been made because it was shown at the hearing of appellant's motion for new trial that the conviction was void because it was based upon an invalid complaint.

Recently, in Rojas v. State, Tex.Cr.App., 404 S.W.2d 30, a prosecution for the felony offense of driving while intoxicated, in construing Art. 37.07, which provides for the alternate procedure used in fixing a defendant's punishment, we held that a conviction for the misdemeanor offense of drunken driving was admissible as a part of the defendant's prior criminal record.

We hold that the prior conviction in justice court for the misdemeanor offense of simple assault was admissible as a part of the appellant's prior criminal record, under Art. 37.07, supra. We do not agree that because it is shown in a collateral attack upon the judgment of conviction that it is based upon an invalid complaint it cannot be shown as a part of the prior criminal record. The record shows that the justice court conviction had become final and that the fine assessed in the judgment had been paid by appellant. Appellant's third ground of error is overruled.

Appellant's fourth ground of error is that the court erred in refusing his request to examine the state's jury list after the jury had been empaneled but before it had been sworn. It is appellant's contention that he had the right to examine the state's jury list after it had been turned in to the clerk and to re-strike his own list, under the authority of Art. 35.13 of the 1965 Code, which reads:

"A juror held to be qualified shall be passed for acceptance or challenge first to the State and then to the defendant. Challenges to jurors are either peremptory or for cause."

It is clear that the foregoing Art. 35.13, supra, is only applicable where the jurors are being examined individually on voir dire in capital cases, as provided in Art.

35.17 of the Code, and each juror is being tried and passed upon separately as to his qualification under the provisions of Art. 35.20 of the Code. Art. 35.13 is not applicable to the selection of jurors in non-capital cases where the parties strike the name of each juror peremptorily challenged from the jury list furnished by the clerk and then deliver the list to the clerk, as provided by Arts. 35.25 and 35.26 of the Code. The fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.