Raymond **ELLIOTT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40021.

Court of Criminal Appeals of Texas.

Jan. 18, 1967.

On Motion to Reinstate Appeal
March 15, 1967.

Jack Lovette, Bowie, Joe D. Clayton, Tyler, for appellant.

Marvin F. London, County Atty., Montague, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is murder without malice; the punishment, 5 years.

Trial was had after the effective date of the 1965 Code of Criminal Procedure.

The record on appeal does not comply with Art. 40.09 of said Code, Section 1 of which requires that it shall always include copies of certain instruments, including the judgment.

The record contains no copy of the judgment.

The appeal is dismissed.

OPINION

ON APPELLANT'S MOTION
TO REINSTATE APPEAL

BELCHER, Judge.

The record has now been perfected, and the motion to reinstate the appeal is granted.

The deceased was killed in the residence of the appellant by one shot in the chest with a .38 caliber pistol.

The appellant did not testify.

Reversible error is urged on the ground that appellant's request for a special venire was denied in face of the indictment alleging the offense of murder with malice.

■ The state in open court timely and properly made known to the court and the appellant that it would not seek the death penalty. This procedure is authorized by the provisions of Art. 1.14 Vernon's Ann.C.C.P. Under our holdings in Walker v. State, 28 Tex.App. 503, 13 S.W. 860 and Ex Parte Adams, Tex.Cr.App., 383 S.W.2d 596, when the state has made known that the death penalty will not be sought, the case is reduced to a non-capital felony, and a special venire is not required. The denial of appellant's request was not error.

Complaint is made of the refusal of appellant's motions challenging the formation, examination, and selection of the jury on the ground that the procedure for a special venire was not followed. Such refusals were not error in view of the conclusion above that a special venire was not required.

■ Error is also urged on the ground that the voir dire examination of the jury panel was not conducted in accordance with the provisions of Arts. 35.13 and 35.20, V.A.C.C.P., instead of the procedure used in the examination and selection of the jury in non-capital felonies.

Art. 35.13, supra, provides:

"A juror held to be qualified shall be passed for acceptance or challenge first to the State and then to the defendant. Challenges to jurors are either peremptory or for cause."

Art. 35.20, reads in part as follows:

"In selecting the jury from the persons summoned, the names of such persons shall be called in the order in which they appear upon the list furnished the defendant. Each juror shall be tried and passed upon separately."

In Fuller v. State, Tex.Cr.App., 409 S.W.2d 866, this court in considering a similar contention said:

"It is appellant's contention that he had the right to examine the state's jury list after it had been turned in to the clerk and to re-strike his own list, under the authority of Art. 35.13 of the 1965 Code, which reads:

'A juror held to be qualified shall be passed for acceptance or challenge first to the State and then to the defendant. Challenges to jurors are either peremptory or for cause.'

"It is clear that the foregoing Art. 35.-13, supra, is only applicable where the jurors are being examined individually on voir dire in capital cases, as provided in Art. 35.17 of the Code, and each juror is being tried and passed upon separately as to his qualification under the provisions of Art. 35.20 of the Code. Art. 35.13 is not applicable to the selection of jurors in non-capital cases where the parties strike the name of each juror peremptorily challenged from the jury list furnished by the clerk and then deliver the list to the clerk, as provided by Arts. 35.25 and 35.26 of the Code."

■ As a ground for reversal the appellant contends that the state's attorney, in his argument to the jury at the hearing on punishment, made an indirect reference to his failure to testify in his own behalf.

The argument complained of and the proceedings which followed were:

"State's Attorney: Now, *they* didn't come in here and plead self-defense and tell you that *he* was trying to defend himself. There isn't a word of testimony in this case to that effect, and you know there isn't. *They* didn't come in here and tell you that *he* was trying to protect his home. The Judge didn't charge you that *he* was protecting his home, and he had a right to. There isn't a

word of testimony in the case that—
(Emphasis added.)

"Appellant's Attorney: Your Honor, at this time we would like to make a motion for a mistrial. Counsel for the State has brought up the fact that the Defendant has not testified in his behalf.

"The Court: Overrule the motion, and instruct the jury not to consider the argument of counsel.

"Appellant's Attorney: Note our exception."

Although, the cautious trial judge instructed the jury not to consider the argument, it is concluded that the remarks complained of, using the pronoun "they", did not under the record necessarily constitute a reference to appellant's failure to testify.

The judgment is affirmed.