**Charles Edward McCLAIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41437.**

Court of Criminal Appeals of Texas.

July 24, 1968.

Rehearing Denied Oct. 16, 1968.

Emmett Colvin, Jr. (On Appeal Only), Charles E. Tobin, Dallas, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, Kenneth Blassingame, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, life.

This is a companion case to Palmer v. State, 423 S.W.2d 323.

Grounds of error Nos. 1 and 2 are:

"The indictment is fundamentally defective in that it alleges the property which was the subject of the robbery to be that of appellant jointly with others, including the alleged victim.

"The evidence is insufficient to sustain the conviction because of a fatal variance in that ownership of the property taken is alleged to be that of appellant, among others, whereas the proof relates ownership to be only in Bert V. Dooley, the alleged complainant."

An examination of the photostatic copy of the indictment reveals that it jointly charged the appellant and three other persons with "acting together" in the commission of robbery with firearms. It appears from the indictment that in typing the names of the four alleged robbers in the printed form used to prepare the indictment that a small portion of appellant's surname extends upon a small portion of the word and letters: "Term, A.D.," and when his name is next alleged his middle and surname and the name of another indictee extend upon a portion of the words: "with the fraudulent intent then and there of them, the said." None of the names of the alleged robbers extends upon the name of the alleged owner.

No motion was made to quash the indictment. The record shows that appellant had retained counsel on September 9, 1966; that the case was passed for the appellant on September 12, 1966, to October 3, and then to October 10, and the trial began on

October 17, 1966, at which time the firearm allegation was dismissed from the indictment and appellant's motion for a severance was granted.

The indictment is not fundamentally defective. Grounds of error Nos. 1 and 2 are overruled.

■ For reversal, it is contended that:

"The court erred in denying appellant's motion to require the state to challenge the jurors, first on voir dire examination as mandatorily required by Art. 35.13 V.A.C.C.P."

Art. 35.13, supra, is not applicable to this, a non-capital case, as tried and submitted to the jury. Fuller v. State, Tex.Cr. App., 409 S.W.2d 866; Elliott v. State, Tex.Cr.App., 412 S.W.2d 320. See: 1967 amendment of Art. 35.13, supra. The method of selection used is not shown except as indicated by the denial of appellant's motion. No error is presented.

■ Error is urged on the ground that:

"There being under Art. 36.10 V.A.C. C.P. no evidence of a failure of the joint defendants to agree on an order of trial, the court erred in arbitrarily denying appellant's motion for continuance and placing appellant on trial first after granting his motion to sever and thus depriving appellant of at least one fact witness in violation of his rights under the Fourteenth Amendment to the Constitution of the United States as articulated in Washington v. [State of] Texas, 388 U.S. 14 [87 S.Ct. 1920, 18 L.Ed.2d 1019]."

The ground of error fails to specify the name of any fact witness which was not available to him. The record reveals that the appellant called his co-defendant Palmer who testified in his behalf, but it fails to show that he made any effort to call the other co-defendants as witnesses. The testimony, if any, adduced in support of the motion for continuance is not contained in the record. The record indicates that in-

dictee Rheuark had not been apprehended at the time of appellant's trial. Under the record, the trial court did not abuse its discretion in refusing appellant's motion for continuance and placing him on trial first after granting a severance.

■ As grounds of error it is urged that:

"The court erred in allowing, over objection of appellant, codefendants in jail uniforms to be brought into the presence of the jury and into the courtroom for identification by a state witness in violation of appellant's rights under the Fourteenth Amendment to the Constitution of the United States.

"The court erred in questioning codefendants Palmer and Brill and thereby identifying them by name in front of the state witness who was to observe them and did, in fact, later identify them in front of the jury, all over objection of counsel for all defendants in the courtroom, in violation of appellant's rights under the Fourteenth Amendment to the Constitution of the United States as articulated in Stovall v. Denno, 388 U.S. 293 [87 S.Ct. 1967, 18 L.Ed.2d 1199], among others."

These grounds of error are based upon the following testimony of the state's witness Dooley, the victim of the robbery:

"Q All right, sir, now, Mr. Britt—now Mr. Dooley, I am going to have two persons brought into the courtroom and I don't want you to say anything until they are actually gone from our presence here. When they are brought in I want you to take a look at them and I will be asking you some questions in regard to those persons.

"Appellant's Counsel: I am going to object at this time to bringing anyone into the Court as far as identification purposes it is irrelevant, it is immaterial at this time and it is something entirely disconnected, this man is on trial here for the armed robbery, the robbery of Mr. Doo-

ley and I am, I am going to object to these two people being brought in.

"The Court: Overrule you.

"Appellant's Counsel: Note our exception.

"(Whereupon, two men were brought into the courtroom by the bailiff.)

"The Court: Just come up here right in front.

"State's Counsel: Stand right around here if you will.

"The Court: You want him to look at these men?

"State's Counsel: Yes, sir, I want you to look at these men.

"The Court: All right, let them go outside. You have looked at them, have you not?

"The Witness: Yes, sir, I have.

"The Court: All right, take them out.

"(Whereupon, the two men were removed from the courtroom by the bailiff.)

"Q (By State's Counsel) Mr. Dooley, have you ever seen either one of those two men before?

"A Yes, I have seen both of them.

"Q Where have you seen them please?

"A In my house the night of this robbery.

"Q All right. The dark-headed one that is a relatively young man, by that I am talking about Lloyd Wilson Palmer, which one of the men was he?

"A The young man, the shorter one.

"Q I mean what part did he play in the robbery out there; was he at the front door or the one that came to the back door?

"A He was the man that came to the front door.

"Q All right, and is this the man that told you to hand over the money?

"A Yes.

"Q Now, what did the other man—the other man we brought in there, was that other man, and by that other man, I am talking about Walter Edmond Brill, III, the taller of the two, and I will ask you whether or not he was one of the men who came in through the back?

"A He was; he is.

"Q All right, now, did Brill at that time have any, you said that all of them had weapons, what type weapon did he have? .

"A This Brill carried a sawed-off single barrel shotgun."

The two co-defendants, Palmer and Brill, entered the courtroom and were viewed by the witness Dooley, but there is no evidence pertaining to the apparel they were wearing at such time.

Nothing was said or done which was suggestive or conducive concerning the identification by Dooley of Palmer and Brill before and during their appearance in the courtroom. These two grounds do not show error.

■ In another ground of error, the appellant contends that:

"The Court erred in permitting, over objection, the hearsay statements of co-defendant Palmer in violation of appellant's rights under the Fourteenth Amendment to the Constitution of the United States."

It appears that the statements complained of were made by the codefendant Palmer when he went to Dooley's (victim) home at 10 p. m., asked for someone who did not live there, then Palmer with a pistol in hand told Dooley to open the door and "do what I tell you to do and nobody will get hurt." Within a few minutes the appellant, with a shotgun, and two other

men entered the rear door. The officers interrupted the robbery while in progress with all four robbers at the scene. The statements were admissible in evidence. No error is shown.

■ It is contended that:

"The court erred in refusing to comply, on request of appellant, with the mandatory requirements of Art. 40.09, Sec. 4, V.A.C.C.P."

The record reflects that the court declined to order the court reporter to take all of the voir dire of the jury, but stated that upon any objection the reporter would take all matters in connection therewith. There is no showing that any objection was made during the voir dire of the jury or that anything occurred during that time which was prejudicial to the appellant. No reversible error is presented. Morris v. State, Tex.Cr.App., 411 S.W.2d 730.

■ It is further urged that:

"The court committed fundamental error in only requiring the reporter, upon request, to take a part of the argument rather than all of the arguments as required by Section 4, Art. 40.09 V.A.C.C.P."

The following notation was inserted in the record by the court reporter:

"The hearing resumed on October 19, 1966, the charge of the court was read to the jury, then oral arguments of counsel were started. The reporter was not requested to take arguments and, therefore, was not in the courtroom during the first part of the argument.

"The reporter was requested to come into the courtroom during Mr. Tobin's argument and the oral arguments are picked up at that point by the reporter as follows:"

The remainder of Tobin's (appellant's counsel) argument was taken and also the further argument of the state's attorney.

In his brief, the appellant does not specify or complain of any argument made by the state. No reversible error appears. Morris v. State, supra.

The other two grounds presented have been examined and they do not reveal error.

The judgment is affirmed.