Frank **CASTELLANO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43029.

Court of Criminal Appeals of Texas.

July 22, 1970.

Rehearing Denied Oct. 14, 1970.

———◆———

Jack Welch, Marlin (on appeal only), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for carrying a pistol on licensed premises; the punishment, two years.

The appellant entered a plea of guilty before a jury and requested that the jury assess his punishment.

In the first two grounds of error it is contended that Article 483, Vernon's Ann. P.C., as amended in 1968, is unconstitutional under Art. III, Sec. 35, Texas Constitution, Vernon's Ann.St., because the body of the bill does not conform to the caption and because the Act, as amended, contains more than one subject.

The caption to Chapter 3, Acts of the 60th Legislature, 1968 (Art. 483, V.A.P.C. as amended) reads as follows:

"An Act relating to possession of certain weapons on premises covered by a permit or license issued under the provision of the Texas Liquor Control Act and at dances where alcoholic beverages are openly served; the display of a sign in premises covered by a Retail Dealer's On-Premise License; providing penalties; amending Article 483, Penal Code of Texas, 1925, as amended, and Article II, Texas Liquor Control Act (Articles 667–1 through 667–33, Vernon's Texas Penal Code); and declaring an emergency."

The appellant was indicted and prosecuted under Art. 483(a), supra, which provides as follows:

"Any person who shall carry on or about his person, saddle or in his saddlebags, or in his portfolio or purse any pistol, dirk, dagger, slung shot, blackjack, hand chain, night stick, pipe stick, sword cane, spear, knuckles made of any metal or any hard substance, bowie knife, switch blade knife, spring blade knife, throw blade knife, a knife with a blade over five and one half (5½) inches in length, or any other knife manufactured or sold for the purposes of offense or defense shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) or by confinement in jail for not less than one (1) month nor more than one (1) year, except that if the offense is committed by a person while in any premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act or at any dance where the public is invited and alcoholic beverages are openly sold, served, or consumed, he is guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than two (2) years nor more than five (5) years."

Art. III, Sec. 35, Texas Constitution, supra, provides:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

■ The function of the caption in a legislative enactment is to give legislators and the public fair notice of the contents

of the Act. In interpreting Art. III, Sec. 35 supra, the courts have consistently held that the caption of an Act should be liberally construed so as to uphold its validity. White v. State, Tex.Cr.App., 440 S.W.2d 660, and cases cited.

In the instant case the caption is sufficient to apprise the reader that the amendment to Art. 483, supra, relates to the possession of certain weapons at both premises licensed under the Texas Liquor Control Act and at dances where the public is invited and alcoholic beverages are openly served.

It is further concluded after examination and consideration of the statute in question that it deals only with one subject, that is, unlawfully carrying arms, although, different arms are named and certain penalties prescribed therefor. 53 Tex. Jur.2d 74, Sec. 41.

The appellant's first two grounds of error are overruled.

In his third ground of error the appellant contends that the trial court erred in allowing the state to prove up the appellant's previous conviction for driving while intoxicated at the hearing on punishment because the conviction was a misdemeanor not involving moral turpitude.

The appellant's conviction for driving while intoxicated was admissible under Art. 37.07, Sec. 3(a), Vernon's Ann.C.C.P., as part of the appellant's prior criminal record even though the conviction is for a misdemeanor not involving moral turpitude. Rojas v. State, Tex.Cr.App., 404 S.W.2d 30; Fuller v. State, Tex.Cr.App., 409 S.W.2d 866; Ramos v. State, Tex.Cr.App., 419 S.W.2d 359.

The third ground of error is overruled.

The judgment is affirmed.