OPINION
JACKSON, Commissioner.
The offense is murder with malice; the punishment, twenty (20) years.
Appellant’s one ground of error charges the following:
“The trial court committed fundamental reversible error in refusing to submit to the jury the appellant’s requested affirmative instruction and charge of aggravated assault in the Court’s charge to the jury; the failure to submit this charge denied the appellant his right to have a defensive theory submitted in an affirmative manner to the jury.”
*879 The record reflects that the appellant submitted a requested charge on whether appellant intended to kill the deceased and on the issue of aggravated assault but that the charge was refused by the court. Appellant called no witnesses and did not testify at the guilt-innocence stage of the trial.
Evidence adduced at the trial showed that on March 25, 1971, the appellant and the deceased, Doris Harrell, were at the Shipley’s Donut Shop at 4018 O.S.T. in Houston though they were not there in each other’s company.
Jimmy Lee . Kendall testified for the State that he was present at the time Doris Harrell was killed and that the appellant and the deceased had been talking for some minutes prior to the shooting. He further testified that appellant started to leave the donut shop but returned when the deceased said something to him; that the deceased threw a sugar bowl at the appellant and that appellant slapped her with a pistol twice. The second time appellant slapped the deceased, Kendall testified, the pistol went off. The witness further testified that the appellant was holding the pistol “flat in his hand.”
John Collier, also testifying for the State, stated that appellant and the deceased had been “arguing” prior to the shooting and that profanities had been exchanged. Collier then related that appellant left the shop but immediately returned; that the deceased again began to call the appellant profane names; that the appellant then “slapped” the deceased on the head with the pistol twice; and that the second time the appellant struck her “the pistol went off.” Further testimony by Collier established that the appellant, at the time the pistol went off, was not holding it by the grip but that “most of the pistol was covered by his hand.”
The State next called Melvin Atkins who testified that he was present at the Shipley Donut Shop at the time Doris Harrell was killed and that he observed the appellant hit the deceased with a pistol and then go to the door; then return and hit deceased again, and that the second time he hit her, “the gun went off.” On cross-examination Atkins was asked the following questions and gave these responses:
“Q [Defense Attorney] Only thing you know, then, really, is it true that you saw Joe slap her with the gun and it went off?
“A The first time it didn’t, but the second time he slapped her it went off.
“Q But. the gun went off when he was in the act of slapping her ?
“A Yes.”
Dr. Giles Sheldon testified that he was the Assistant Medical Examiner for Harris County and that he performed an autopsy on the body of the deceased. His testimony tended to support the proposition that the pistol had gone off while appellant was striking the deceased with it.
Appellant insists that the testimony recited above raised an issue of whether or not appellant intended to kill Doris Harrell and that the jury should have been charged on the law of aggravated assault.
We agree with appellant that there was sufficient evidence from which the jury could have concluded that appellant did not intend to kill Doris Harrell. Every witness who saw the attack related that the gun “went off” as the appellant “slapped” the deceased. While the evidence was conclusive that appellant’s act resulted in the demise of Doris Harrell, it was certainly not conclusive of his intent to kill. The charge gave the jury but three choices, either to find the appellant guilty of one of two forms of intentional homicide, to-wit, murder with malice or murder without malice or to acquit him. Concededly, the instrument responsible for Doris Harrell’s death was a pistol and it has been repeatedly held that a pistol is a deadly weapon per se. Valle v. State, Tex.Cr.App., 438 S.W.2d 583; Taylor v. State, Tex.Cr.App., 470 S.W.2d 693; Barr v. State, 146 Tex.Cr. *880 R. 178, 172 S.W.2d 322; Baylor v. State, 151 Tex.Cr.R. 365, 208 S.W.2d 558. Also, it has been held on many occasions that when a deadly weapon per se is used, intent to kill may be presumed. Valle v. State, supra ; Barr v. State, supra; Baylor v. State, supra. Article 45, Vernon’s Ann.P.C.; Gamblin v. State, Tex.Cr.App., 476 S.W.2d 18; Stallings v. State, Tex.Cr.App., 476 S. W.2d 679; Hall v. State, Tex.Cr.App., 418 S.W.2d 810. Further, that when intent to kill is presumed, the issue of aggravated assault is not raised. Stills v. State, Tex. Cr.App., 492 S.W.2d 478; Dickson v. State, Tex.Cr.App., 463 S.W.2d 20; Schulz v. State, Tex.Cr.App., 446 S.W.2d 872.
However, it has been held that the issue of aggravated assault does arise where a weapon ordinarily considered deadly per se is used in such a manner so as not to be calculated to be deadly. In Barnett v. State, 144 Tex.Cr.R. 249, 162 S.W.2d 411, this Court said:
“Under a charge of murder, issue of aggravated assault is raised when the instrument with which the murder is inflicted is not deadly per se or one which in the manner of its use (emphasis ours), is not ordinarily calculated to produce death, and when, in addition thereto, the evidence raises the issue of a lack of intent on the part of the accused to kill.” (citations omitted)
See also, Corbett v. State, Tex.Cr.App., 493 S.W.2d 940; Mounts v. State, 148 Tex.Cr.R. 177, 185 S.W.2d 731. In Ex parte Viera, Tex.Cr.App., 233 S.W.2d 579, it was said by this Court that:
“Ordinarily, a gun is a deadly weapon, per se. It may, however, be used in such a manner as to show that it is not such. Watts v. State, 151 Tex.Cr.R. 349, 207 S.W.2d 94; Branchs P.C., Sec. 1588. A deadly weapon is one which, in the manner used, is calculated to produce death or serious bodily injury.”
We hold that the evidence adduced at the trial of this cause was sufficient to raise an issue on whether or not the weapon was used in a manner ordinarily calculated to produce death or serious bodily injury. Thus, since the weapon was not, as a matter of law, deadly per se in the manner of its use, no presumption of intent to kill arose and the appellant was entitled to a jury charge on aggravated assault.
Further, since it was raised by the evidence, a specific charge on intent to kill should have been included in the court’s charge to the jury. Corbett v. State, supra.
For the above cited reason, the judgment is reversed and the cause remanded.
Opinion approved by the Court.