Mayfield v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-103-CR

     TONY LEE MAYFIELD,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 18th District Court
Somervell County, Texas
Trial Court # 4204
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Appellant of Delivery of a Controlled Substance enhanced by one prior
felony conviction and assessed his punishment at twenty-five years in prison and a $1,000 fine.
      Appellant's court-appointed counsel has filed a brief in which he states that the appeal is
wholly frivolous and without merit. The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the
record and advancing an arguable ground of error on appeal. High v. State, 573 S.W.2d 807
(Tex.Crim.App. [Panel Op.] 1978); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). 
      A copy of counsel's brief has been delivered to Appellant advising him of his right to file a
pro se brief. No pro se brief has been filed within thirty days. See Hawkins v. State, 573 S.W.2d
807 (Tex.Crim.App. 1978).
      In two points of error, counsel asserts that during the punishment phase two misdemeanor
convictions were admitted into evidence over his objection as being irrelevant and that one of the
convictions was in 1978 and too remote to be relevant.
      When an appellant does not brief a ground of error, it will not be reviewed on appeal. 
Tex.R.App.P. 74(f); Combs v. State, 652 S.W.2d 804 (Tex.App.—Houston [1st Dist.] 1983, no
writ). Nevertheless, we will address Appellant's contentions.
      Article 37.07, section 3(a), of the Texas Code of Criminal Procedure addresses the
admissibility of a defendant's prior criminal record during the punishment phase of the trial, as
follows:
Regardless of the plea and whether the punishment be assessed by the judge or the jury,
evidence may, as permitted by the Rules of Evidence, be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including the prior
criminal record of the defendant, his general reputation and his character. The term prior
criminal record means a final conviction in a court of record, or a probated or suspended
sentence that has occurred prior to trial, or any final conviction material to the offense
charged. . . .

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 1992).
      The two misdemeanor convictions admitted over objection were: (1) a 1978 conviction for
first offense DWI with punishment being sixty days in jail and a $300 fine probated for one year
and (2) a 1987 conviction for evading arrest with punishment being five days in jail. Both
convictions are from courts of record and are admissible under article 37.07, section 3(a). See
Olsen v. State, 484 S.W.2d 756 (Tex.Crim.App. 1972); Castellano v. State, 458 S.W.2d 73
(Tex.Crim.App. 1970). We affirm the judgment.
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 8, 1992
Do not publish