NO. 12-01-00351-CR


NO. 12-01-00352-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




WONDER MAY HAMILTON WALLACE,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS







PER CURIAM


 Asserting that the assessment of $150,000 as bail in each of two cases is excessive, Wonder
May Hamilton Wallace ("Appellant") challenges the trial court's denial of her pretrial application
for writ of habeas corpus. We dismiss these appeals for want of jurisdiction.

 Appellant and her husband, Cyril Wallace, were indicted for two counts of injury to a child
after it was found that two of Appellant's children had been badly burned with hot water. In an
unrelated case, Appellant was also indicted for credit card abuse. Bond was originally set by a
justice of the peace at $150,000 apiece on each of the injury to a child cases and $25,000 on the
credit card case. After a hearing, a trial judge reduced the bonds on the injury to a child cases to
$100,000 in each case and to $7,500 in the credit card case. After Appellant was indicted, another
district judge, without hearing evidence, raised the bond amounts back to the original amounts. 
Thereafter, Appellant's motion for new trial was granted and an evidentiary hearing was held on
October 30, 2001 to reconsider Appellant's applications for writ of habeas corpus. 

 At the close of the evidence, and after argument of counsel for both sides, the trial court
orally entered its ruling and the court reporter transcribed it as part of the reporter's record. The trial
court reduced the bond in Appellant's credit card case to $7,500 (1) but maintained the $150,000 bonds
in each of the injury to a child cases against Appellant. These rulings are the subject of these
attempted appeals. However, no written order reflecting the trial court's rulings is included in the
appellate record. Because the appellate records do not contain the trial court's written orders
disposing of Appellant's applications for writ of habeas corpus, this court notified the parties that
the appeals would be dismissed unless the records are amended to show this court's jurisdiction. We
received no response.

 The courts of appeals are required to determine their own jurisdiction in every case. Ex parte
Lewis, 663 S.W.2d 153, 154 (Tex. App.-Amarillo 1983, no pet.). When a hearing is held on the
merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing
party may appeal whether a writ issues or not. Ex parte Martell, 901 S.W.2d 754, 755 (Tex. App.- 
San Antonio 1995, no pet.). To perfect an appeal in criminal cases when no motion for new trial is
filed, a notice of appeal must be filed within thirty days after the day sentence is imposed, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Texas courts have held
that "entered by the court" means a signed, written order. See State ex rel. Sutton v. Bage, 822
S.W.2d 55, 56 (Tex. Crim. App. 1992) (orig. proceeding). Further, the record should contain the
signed order appealed from indicating that the trial court ruled upon the merits of the applicant's
claim. See Tex. R. App. P. 34.5(a)(5).

 There is no signed, written order in the record reflecting the trial court's October 30, 2001
rulings from which Appellant may appeal. Absent a written order, we have no jurisdiction over the
appeals. Elliott v. State, 412 S.W.2d 320, 320 (Tex. Crim. App. 1967); Nikrasch v. State, 698
S.W.2d 443, 450 (Tex. App.-Dallas 1985, no pet.). Because a written order is a prerequisite to
review by this court, we dismiss Appellant's appeals for want of jurisdiction.

Opinion delivered April 12, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




(DO NOT PUBLISH)


1. Appellant has not appealed from the trial court's order reducing bond in the credit card case.