NO. 12-01-00353-CR


NO. 12-01-00354-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CYRIL GERARD WALLACE,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS







PER CURIAM


 Cyril Gerard Wallace challenges the trial court's orders denying the relief requested in his
pretrial applications for writ of habeas corpus. He asserts that the bail assessed in each of his two
cases is excessive. We dismiss these appeals for want of jurisdiction.

 Appellant and his wife, Wonder May Hamilton Wallace, were indicted for two counts of
injury to a child after it was found that two of Appellant's step-children had been badly burned with
hot water. Bond was originally set by a justice of the peace at $150,000 apiece on each of the cases. 
After a hearing, a trial judge reduced the bonds to $100,000 in each case. After Appellant was
indicted, another district judge, without hearing evidence, raised the bond amounts back to the
original amounts. Thereafter, Appellant's motion for new trial was granted and an evidentiary
hearing was held on October 30, 2001 to reconsider Appellant's applications for writ of habeas
corpus.

 At the close of the evidence, and after argument of counsel for both sides, the trial court
orally entered its ruling and the court reporter transcribed it as part of the reporter's record. The trial
court reduced the bonds in the injury to a child cases against Appellant to $100,000 in each case, on
the condition that he have no contact with the children and that he not contact CPS to inquire about
the children. These rulings are the subject of these attempted appeals. However, no written order
reflecting the trial court's rulings is included in the appellate records. Because the appellate records
do not contain the trial court's written orders disposing of Appellant's applications for writ of habeas
corpus, this court notified the parties that the appeals would be dismissed unless the records are
amended to show this court's jurisdiction. We received no response.

 The courts of appeals are required to determine their own jurisdiction in every case. Ex parte
Lewis, 663 S.W.2d 153, 154 (Tex. App.-Amarillo 1983, no pet.). When a hearing is held on the
merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing
party may appeal whether a writ issues or not. Ex parte Martell, 901 S.W.2d 754, 755 (Tex. App.-
San Antonio 1995, no pet.). To perfect an appeal in criminal cases when no motion for new trial is
filed, a notice of appeal must be filed within thirty days after the day sentence is imposed, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Texas courts have held
that "entered by the court" means a signed, written order. See State ex rel. Sutton v. Bage, 822
S.W.2d 55, 56 (Tex. Crim. App. 1992) (orig. proceeding). Further, the record should contain the
signed order appealed from indicating that the trial court ruled upon the merits of the applicant's
claim. See Tex. R. App. P. 34.5(a)(5).

 There is no signed, written order in the record reflecting the trial court's October 30, 2001
rulings from which Appellant may appeal. Absent a written order, we have no jurisdiction over the
appeals. Elliott v. State, 412 S.W.2d 320, 320 (Tex. Crim. App. 1967); Nikrasch v. State, 698
S.W.2d 443, 450 (Tex. App.-Dallas 1985, no pet.). Because a written order is a prerequisite to
review by this court, we dismiss Appellant's appeals for want of jurisdiction.

Opinion delivered April 12, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




(DO NOT PUBLISH)